<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

</div>

| | | |
|---|---|---|
| ALLEGRA D. HEMPHILL, _pro se_, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:07CV1236 |
| | ) | |
| v. | ) | Judge Rosemary M. Collyer |
| | ) | |
| KIMBERLY-CLARK CORPORATION, and | ) | |
| THE PROCTER & GAMBLE CO., | ) | |
| | ) | |
| Defendants. | ) | |

<div align="center">

**DEFENDANTS' JOINT MOTION TO DISMISS COMPLAINT**
**UNDER RULE 12(B)(6) AS BARRED BY _RES JUDICATA_**

</div>

Defendants The Procter & Gamble Company and Kimberly-Clark Corporation (collectively, "Defendants") hereby jointly move this Court for an order dismissing Plaintiff Allegra Hemphill's ("Ms. Hemphill's") complaint on the grounds of _res judicata_. Plaintiff's claims against Defendants are precluded by the doctrine of _res judicata_ as a result of the dismissal of a substantively identical lawsuit filed by Plaintiff against Defendants: _Hemphill v. Procter & Gamble Co._, No. CIV. A. DKC 2002-3736 (D. Md.).

Additional grounds in support of this motion are set forth in the attached memorandum of law.

Respectfully submitted,


_____/s/_____

Aron U. Raskas
Bar No. 422939
James P. Ulwick
Bar No. 287763
KRAMON & GRAHAM, P.A.
One South Street - Suite 2600
Baltimore, Maryland 21202-3201
Phone: (410) 752-6030
Facsimile: (410) 539-1269


_____/s/_____

Blaney Harper
Bar No. 14783
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Facsimile: (202) 626-1700

Kenneth R. Adamo
David M. Maiorana
JONES DAY
901 Lakeside Ave.
Cleveland, Ohio 44114
Phone: (216) 586-3939
Facsimile: (216) 579-0212


*Attorney for Defendant*
Kimberly-Clark Corporation

Dated: September 7, 2007

*Attorneys for Defendant*
The Procter & Gamble Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2007, the foregoing Defendants' Joint Motion to Dismiss Complaint Under Rule 12(b)(6) As Barred By *Res Judicata*, supporting memorandum of law, and proposed Order was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that a copy of the foregoing was served by First Class Mail, postage prepaid on:

Ms. Allegra D. Hemphill
4902 Third Street, N.W.
Washington, DC  20011


_____/s/_____
Aron U. Raskas

Bar No. 422939
KRAMON & GRAHAM, P.A.
One South Street - Suite 2600
Baltimore, Maryland 21202-3201
Phone:  (410) 752-6030
Facsimile:  (410) 539-1269

*Attorneys for Defendant*
Kimberly-Clark Corporation

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

ALLEGRA D. HEMPHILL, *pro se*,     )
                                     )

      Plaintiff,             )       Civil Action No. 1:07CV1236
                                     )

      v.                    )       Judge Rosemary M. Collyer
                                     )

KIMBERLY-CLARK CORPORATION, and   )
THE PROCTER & GAMBLE CO.,        )
                                     )

      Defendants.          )

## MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS COMPLAINT UNDER RULE 12(B)(6) AS BARRED BY *RES JUDICATA*

Defendants The Procter & Gamble Company ("P&G") and Kimberly-Clark Corporation ("K-C") (collectively, "Defendants"), hereby jointly submit this memorandum of law in support of their motion to dismiss the complaint and state as follows:

## I.    INTRODUCTION

Having fully litigated her alleged claims before the United States District Court for the District of Maryland ("Maryland District Court"), the Court of Appeals for the Federal Circuit ("Federal Circuit") and the United States Supreme Court ("Supreme Court"), Ms. Hemphill simply refuses to accept that her case has no merit. All of the decisions of the Maryland District Court have been affirmed by the Federal Circuit. Ms. Hemphill sought both a writ of mandamus and a writ of certiorari before the Supreme Court; both petitions were summarily rejected. She is now asserting the same patent and accusing the same products of infringement in this Court as in the Maryland case, seeking a second bite at the apple. This is not permitted under the law, and,

indeed, is sanctionable.[1]  For all the reasons set forth herein, Ms. Hemphill's complaint should be summarily dismissed with prejudice.

## II.   **PROCEDURAL HISTORY**

In March 1999, Ms. Hemphill sued Johnson & Johnson for alleged infringement of her United States Patent No. 4,557,720 ("the '720 patent") in the Maryland District Court.  The '720 patent contains only two claims, and Ms. Hemphill alleged that McNeil-PPC (a subsidiary of Johnson & Johnson) had infringed **claim 2.**  The accused products were McNeil-PPC's sanitary napkin and adult incontinence products sold under the Stayfree, Carefree and Serenity product lines.  The Maryland District Court granted summary judgment of non-infringement on behalf of the defendant.  *Hemphill v. McNeil-PPC, Inc.*, 134 F. Supp. 2d 719, 725-29 (D. Md. 2001) ("*Hemphill I*").  The Federal Circuit affirmed the district court's ruling in all respects.  *Hemphill v. McNeil-PPC, Inc.,* No. 01-1391, 2001 WL 1504561 (Fed. Cir. Nov. 27, 2001).  ("*Hemphill II*").

Ms. Hemphill then sued P&G and K-C on November 18, 2002 for alleged infringement of **claim 1** of the '720 patent.  *See* Exhibit 1 at ¶ 9.  This suit accused Defendants' sanitary napkin and adult incontinence products sold under the brand names Kotex, Always and Poise. The Maryland District Court held that Ms. Hemphill was collaterally estopped from arguing for a claim construction different from the construction she obtained in *Hemphill I* and *Hemphill II*, and ruled that there was no genuine issue of material fact that would preclude granting summary judgment of non-infringement.  *Hemphill v. Procter & Gamble Co.*, 258 F. Supp. 2d 410, 416-18 (D. Md. 2003) ("*Hemphill III*").  Ms. Hemphill brought a Rule 59(e) motion before the Maryland

---

[1]  P&G and K-C sent Ms. Hemphill a letter under Rule 11 requesting that she withdraw her frivolous complaint on September 5, 2007.  Enclosed with that letter, the defendants served Ms. Hemphill with a draft Motion for Sanctions.  If Ms. Hemphill does not voluntarily withdraw the complaint, defendants intend to move the Court for sanctions as provided in Rule 11.  Although awarding sanctions against a *pro se* plaintiff may seem harsh, Ms. Hemphill's abuse of the legal system in this case is well-documented.  *See* Section I, *infra.*

District Court seeking reconsideration of the summary judgment order, which was denied on June 11, 2003. (A copy of the district court's decision is attached hereto as Exhibit 2).

Again, the Federal Circuit affirmed the lower court in all respects on January 15, 2004. *Hemphill v. Procter & Gamble Co.*, No. 03-1463, 2004 WL 74620 (Fed. Cir. Jan. 15, 2004) ("*Hemphill IV*").

Despite this string of final, adverse decisions, Ms. Hemphill continued pursuing her alleged claims:

- On January 29, 2004, Ms. Hemphill filed a combined petition for panel rehearing and for hearing *en banc* with the Federal Circuit, which was denied on February 23, 2004.

- Ms. Hemphill filed a petition for a "writ of mandamus" in the Supreme Court on April 30, 2004, which was denied on October 4, 2004.

- Ms. Hemphill filed a petition for rehearing of the denial of her petition for writ of mandamus on October 29, 2004, which was denied on November 29, 2004.

- On June 23, 2005, Ms. Hemphill filed a "Motion for a Final Judgment" in the Maryland District Court, which was denied on February 13, 2006. (A copy of the district court's decision is attached hereto as Exhibit 3).

- On February 21, 2006, Ms. Hemphill filed a "Motion to Amend the Final Judgment" under Fed. R. Civ. P. 59(e), which the Maryland District Court denied in a marginal order on March 8, 2006. (A copy of the district court's marginal order is attached hereto as Exhibit 4).

- On March 11, 2006, Ms. Hemphill appealed the Maryland District Court's February 13, 2006 decision. The Federal Circuit summarily affirmed. *Hemphill v. Procter & Gamble Co.,* No. 2006-1300, 2006 WL 1675340 (Fed. Cir. May 1, 2006) (*"Hemphill V"*).

- Ms. Hemphill sought reconsideration of *Hemphill V*; that motion was denied on June 27, 2006. (A copy of the Federal Circuit's decision is attached hereto as Exhibit 5).

- On September 21, 2006, Ms. Hemphill filed a petition for writ of certiorari to the Supreme Court, which was denied on November 27, 2006. *Hemphill v. Procter & Gamble Co.*, 127 S. Ct. 675 (2006).

- Ms. Hemphill sought rehearing on her petition for writ of certiorari, which the Supreme Court denied on January 22, 2007. *Hemphill v. Procter & Gamble Co.*, 127 S. Ct. 1172 (2007).

Now, after losing every step along the way, Ms. Hemphill has sued P&G and K-C **again**. This time, Ms. Hemphill has sued for alleged infringement of **claim 2** of the '720 patent, accusing the **same** sanitary napkin and adult incontinence products that are sold under the brand names Kotex, Always and Poise. *See* Complaint [Dkt. # 1] at ¶¶ 16-17. The claim that Ms. Hemphill tries to bring before this Court was previously fully and fairly litigated. It is barred by the doctrine of *res judicata* and should be dismissed with prejudice.

## III.    ANALYSIS

### A.    A Motion Under Rule 12(b)(6) Is The Appropriate Procedural Vehicle For Seeking Dismissal Of This Case

Because Ms. Hemphill's suit alleges patent infringement, any appeal of this Court's decision will go to the Federal Circuit. 28 U.S.C. § 1295. The question of whether a Rule 12(b)(6) motion is the proper procedural vehicle for dismissing Ms. Hemphill's claim is a purely procedural question not pertaining to patent law, and the Federal Circuit therefore applies the rule of the regional circuit. *General Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1373 (Fed. Cir. 2007).

A recent decision from this Court holds that a Rule 12(b)(6) motion to dismiss is a proper procedural vehicle for raising the defense of *res judicata. See Evans v. Chase Manhattan Mortgage Corp.*, No. 04-2185 (RMC), 2007 WL 902306, at *1 (D.D.C. Mar. 23, 2007) (granting defendant's 12(b)(6) motion to dismiss in large part and dismissing the bulk of plaintiff's claims). Specifically, this Court explained:

> **A Rule 12(b)(6) motion challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim . . . .** In deciding a Rule 12(b)(6) motion, the Court "may only consider the facts alleged in the complaint, documents

attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). ***Res judicata* is an affirmative defense that is generally pleaded in a defendant's answer, but it is also properly brought in a pre-answer Rule 12(b)(6) motion when "all relevant facts are shown by the court's own records, of which the court takes notice."** *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992); *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 n. 10 (3d Cir. 1978) (res judicata "may be raised on a 12(b)(6) motion if the predicate establishing the defense is apparent from the face of the complaint"); *see Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 76-77 (D.C.Cir. 1997) (noting that courts have permitted parties to assert *res judicata* under Rule 12(b)(6)).

*Id.,* at *3 (bold emphasis added).

Here, because all of the facts necessary to resolve Defendants' motion are apparent from the face of the complaint in conjunction with the judicial record of which this Court may take judicial notice, a Rule 12(b)(6) motion can be properly brought.

**B.**    **Ms. Hemphill's Suit Is Barred Under *Res Judicata*.**

For over one hundred fifty years, the doctrine of *res judicata* has precluded plaintiffs from bringing duplicative and vexatious lawsuits:

- "[T]he judgment, if rendered upon the merits, **constitutes an absolute bar to a subsequent action**. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, **not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose**." *Cromwell v. County of Sac*, 94 U.S. 351, 352-53 (1876) (emphasis added).

- "But matters which were actually litigated and determined in the first proceeding **cannot later be relitigated**. Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel." *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 598 (1948) (emphasis added).

- "As this Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent

decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

The Federal Circuit[2] has set forth a three-factor test that must be satisfied before a second suit will be barred by *res judicata* or claim preclusion:  (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first. *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1362 (Fed. Cir. 2000).  In this case, the test is easily met.

*First*, there is no dispute that the parties in the prior Maryland litigation are the same as in the current suit.  *Second*, as set forth in detail above, the Maryland District Court entered summary judgment of non-infringement on the merits, and Ms. Hemphill exhausted every conceivable avenue on appeal.  Indeed, if there was any doubt whatsoever after June 23, 2005, the Maryland District Court denied Ms. Hemphill's "Motion for Final Judgment" because final judgment had been previously entered:

> It appears that Plaintiff believes that this court has not yet ruled on her claims alleging patent infringement . . . .  **Plaintiff is mistaken.**  This court's April 15, 2003, Order fully resolved Plaintiff's claims in favor of Defendants . . . .  **Plaintiff's claims have been fully adjudicated in this court.**  Moreover, Plaintiff's appeal has been heard and decided by the Federal Circuit, which affirmed this court's earlier ruling.  Accordingly, **there is nothing further for this court to determine with regard to Plaintiff's case.**

Exhibit 3 at 2 (emphasis added).

*Third*, there can be no dispute that Ms. Hemphill's claim in this case is based on the same set of transactional facts as the previous suit.  Ms. Hemphill has accused the same products in this suit as she did before the Maryland District Court in *Hemphill III*.  *Compare* Exhibit 1 at

---

[2] The question of whether prior litigation results in claim preclusion in a later suit is a question of law that is reviewed by the Federal Circuit *de novo*. *Hallco Mfg. v. Foster*, 256 F.3d 1290, 1294 (Fed. Cir. 2001).  When the claim preclusion issue is particular to patent law, as it is in this case, the Federal Circuit analyzes it under applicable Federal Circuit precedent. *Id.*

¶ 13, *with* Complaint [Dkt. # 1] at ¶¶ 16-17. This suit involves the **exact same** products. The '720 patent expired on June 11, 2004. Ms. Hemphill has never alleged that the design of Defendants' products changed before the expiration date of the '720 patent. Any design changes in the products that may have occurred after the expiration date of the patent are entirely irrelevant. After that date, Ms. Hemphill had no patent right to assert.

The fact that Ms. Hemphill asserts that Defendants have infringed **claim 2** of the '720 patent in this case, when she had previously asserted infringement of **claim 1** in the previous case, does **not** mean that she has alleged separate causes of action in the two suits. *Foster v. Hallco Mfg.*, 947 F.2d 469, 478 (Fed. Cir. 1991) ("[W]ithin the meaning of *res judicata* principles . . ., 'claim' does not mean merely 'argument' or 'assertion.' 'Claim' is used in the sense of the facts giving rise to the suit."). Here the facts giving rise to suit — the features of the accused products and whether the properly construed patent claims read on them — are identical in both suits.

Further, a patentee cannot assert some claims of a patent in one suit, and then assert different claims of the same patent against the same products in a second suit without improper claim splitting. In *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 91-92 (S.D.N.Y. 2002), the court considered whether the patentee could assert claims 2, 13, and 24 in one suit and then assert claim 34 of the same patent against the same defendant in a later suit. The court concluded that the patentee would be precluded from bringing the second suit:

> It is well established, under the doctrine of "**claim splitting**," that a party cannot avoid the effects of *res judicata* by splitting her cause of action into separate grounds of recovery and then raising the separate grounds in successive lawsuits. Rather, a party must bring in one action all legal theories arising out of the same transaction or series of transactions.
>
> Claim preclusion applies to all legal theories that were actually litigated or that should have been litigated in the previous action.

* * *

> Because Mopex's assertion of claim 34 unquestionably arises out of the "same transaction or series of transactions" as its assertion of independent patent claims 2, 13, and 24, Mopex would be precluded from bringing a second action against the AMEX asserting infringement of claim 34 against any products or processes that could have been addressed in this litigation.

*Id.,* at 91-92 (emphasis in original, internal citations omitted). *See also Biogenex Labs, Inc. v. Ventana Med. Sys., Inc.*, No. C-05-860-JF, 2005 WL 1869342, at *2 (N.D. Cal. Aug. 5, 2005) ("Biogenex does not (and could not) dispute that its legal claims based upon Claim 5 of the '452 patent arise out of the same transactional facts as did its legal claims based upon claims 1, 2, 3 and 9 of the '452 patent. The identical conduct is alleged to be infringing in both the First Action and the Second Action.").

Ms. Hemphill's current suit is barred under the doctrine of *res judicata*. This suit involves the same parties, the claim was previously resolved on the merits, and this current suit involves the identical set of transactional facts. For all these reasons, Defendants' motion to dismiss should be granted.

### C.    P&G and K-C Do Not Infringe Claim 2 For The Same Reason J&J's Products Did Not Infringe; Ms. Hemphill Is Collaterally Estopped From Arguing Otherwise

Defendants are further entitled to relief because Ms. Hemphill is bound by the Maryland District Court's prior claim construction and determination in *Hemphill I* that feminine sanitary napkins and adult incontinence products do not infringe claim 2 of the '720 patent, 134 F. Supp. 2d. at 719, and its decision in *Hemphill III*, 258 F. Supp. 2d at 416-17. Under the doctrine of collateral estoppel, also known as "issue preclusion," a defendant is entitled to the benefit of a judgment issued against the plaintiff in favor of a first defendant in prior litigation on the same

8

issues. *Molinaro v. Fannon/Courier Corp.*, 745 F.2d 651, 655 (Fed. Cir. 1984). Ms. Hemphill is bound by the prior decisions of the Maryland District Court.

*First*, the Maryland District Court held in *Hemphill III* that Ms. Hemphill was collaterally estopped from arguing a different claim construction from that decided in *Hemphill I*, even though the *Hemphill I* involved **claim 2** of the '720 patent and *Hemphill III* involved **claim 1**. *Hemphill III*, 258 F. Supp. 2d at 416 ("Because the requirements for collateral estoppel have been met, the claim construction established in *Hemphill I* must be given collateral estoppel effect on claim construction in this case."). This claim construction has been affirmed by the Federal Circuit twice. *See Hemphill II*, 2001 WL 1504561, at *4 (affirming claim construction in *Hemphill I*); *Hemphill IV*, 2004 WL 74620, at *1-2 (affirming application of collateral estoppel to claim construction in *Hemphill III*). Thus, there can be no question that, as a matter of law, the disputed terms of the '720 patent — both claim 1 and claim 2 — have the following meanings:

| Claim Term | Claim Construction |
|---|---|
| vaginal swab | a small piece of absorbent material attached to the end of a stick or wire and used for cleansing or applying medicine within the vaginal canal |
| outer housing | a device that functions as a handle for the use of the swab and is not designed to be removed and thrown away. |
| core member | a fairly rigid core member with an annular band or ring at its base that can fit into the band or ring of the outer housing. |

*Second*, in *Hemphill I*, the Maryland District Court compared **claim 2**, as construed, to McNeil-PPC's accused sanitary napkin products and concluded, as a matter of law, that the accused products did not infringe claim 2. 134 F. Supp. 2d at 729. The court found that the structure of the accused sanitary napkin products differed vastly from the language of claim 2, as

construed. *Id.* at 728. The court relied on the fact that Ms. Hemphill stated to the United States Patent and Trademark Office that her vaginal swab does not resemble, behave or function like a sanitary napkin. *Id.* The court found that the accused sanitary napkin products lack the rigid core required in a swab, are not designed for use within the vaginal canal, and that the accused sanitary napkin products do not have an outer housing, a core member, or an annular band that can fit into the band of the outer housing. *Id.* Based on its thorough analysis, the Maryland District Court found no literal infringement of **claim 2** by the accused McNeil-PPC sanitary napkin products. *Id.* at 729.

With respect to the doctrine of equivalents in *Hemphill I*, the Maryland District Court again noted that "Plaintiff has admitted that her invention, a vaginal swab, 'does not look or behave like a sanitary napkin' or even 'function like a sanitary napkin'." *Id.* Finally, the Maryland District Court noted that the evidence established that the difference between the accused products and the asserted claim are "vast," and that Plaintiff offered no evidence to establish that those differences are insubstantial. *Id.* Accordingly, the Maryland District Court found no infringement of **claim 2** by McNeil's products under the doctrine of equivalents. *Id.*

*Third*, in the previous case against Defendants, the Maryland District Court considered whether **claim 1** reads on the accused P&G and K-C products and held there was no infringement, either literally or under the doctrine of equivalents, for the same reasons. *Hemphill III*, 258 F. Supp. 2d at 417 ("Like the products in *Hemphill I*, the accused sanitary napkins in the current case do not function as 'vaginal swabs' as required by the claims in the '720 patent.").

Even if Ms. Hemphill's current suit were not barred — which it is — she is bound by these prior judgments. The accused P&G and K-C products did not infringe the '720 patent the

10

first time Ms. Hemphill sued, and they don't infringe now.  There is simply no argument Ms.

Hemphill can legitimately offer that would yield a different result.

## IV.    **CONCLUSION**

For all these reasons, Ms. Hemphill's suit should be dismissed with prejudice.


Respectfully submitted,


_____/s/_____         _____/s/_____
Aron U. Raskas                        Blaney Harper
Bar No. 422939                        Bar No. 14783
James P. Ulwick                       JONES DAY
Bar No. 287763                        51 Louisiana Avenue, N.W.
KRAMON & GRAHAM, P.A.                  Washington, D.C.  20001
One South Street - Suite 2600         Phone:  (202) 879-3939
Baltimore, Maryland 21202-3201        Facsimile:  (202) 626-1700
Phone:  (410) 752-6030
Facsimile:  (410) 539-1269            Kenneth R. Adamo
                                      David M. Maiorana
                                      JONES DAY
                                      901 Lakeside Ave.
                                      Cleveland, Ohio 44114
                                      Phone: (216) 586-3939
                                      Facsimile: (216) 579-0212

*Attorney for Defendant*              *Attorneys for Defendant*
Kimberly-Clark Corporation            The Procter & Gamble Company


Dated:    September 7, 2007

# EXHIBIT 1

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

SOUTHERN DIVISION

ALLEGRA D. HEMPHILL, *pro se*          \*

6217 Charnwood Drive                    \*

Rockville, Maryland 20852               \*

(301) 897-2030                          \*

**Plaintiff,**                          \*

    **V.**          **\*Civil Action No.**

**Serve**                               \*

**PROCTER & GAMBLE CO.**                \*

One Procter & Gamble Plaza              \*

Cincinnati, Ohio 45202                  \*

Attn.: Mr. James Johnson, Chief Legal Officer  \*

    Legal Department      \*

      Tel. 513 983-1100   \*

and **serve**                           \*

**KIMBERLY CLARK CORPORATION**          \*

Headquarters                            \*

401 North Lake Street                   \*

Neenah, Wisconsin 54956                 \*

Tel. 920 721 - 2000                     \*

**Defendant(s).**                       \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S PATENT INFRINGEMENT COMPLAINT

## TABLE OF CONTENTS

Page

I. PLAINTIFF'S PATENT INFRINGEMENT COMPLAINT......................................1

II. JURISDICTION AND VENUE..........................................................................1

III. INTELLECTUAL PROPERTY.........................................................................2

IV. INTELLECTUAL PROPERTY ALLEGATIONS...............................................3

    A. INFRINGEMENT ANALYSIS FIRST STEP.............................................4

    B. INFRINGEMENT ANALYSIS SECOND STEP.........................................14

COUNT I:   PATENT INFRINGEMENT AND
               REEXAMINATION CERTIFICATE...................................................16

PRAYER FOR RELIEF.......................................................................................17

JURY DEMAND................................................................................................18

PROOF OF SERVICE.........................................................................................20

-i-

# TABLE OF AUTHORITIES

CASES                                                                  PAGE

Alpex Computer Corp. v. Nintendo Co.,
102 F.3d. 1214 (Fed. Cir. 1996) 1220..................................................5


Bell Comm. Research, Inc. v. Vitalink Comm. Corp.,
55 F3d. 615(Fed. Cir. 1995) 619-620................................................7


Hoechst Celanese Corp. v. BP Chemicals, Ltd.
78 F.3d. 1575 (Fed. Cir. 1996), 1578.................................................8


Lemelson v. General Mills Inc.
968 F. 2d. 1202 (Fed. Cir. 1992)  1208.............................................10


Markman v. Westview Instruments, Inc.,
52 F3d. 967, (Fed. Cir. 1995) 979 (en banc), aff'd........................4, 14


Maxwell v. J. Baker Inc., 86 F3d. 1098 (Fed. Cir. 1996) 1105..............4, 14


Multiform Desiccants, Inc. v. Medzam, Ltd.,
133 F.3d 1473, (Fed. Cir. 1998) 1477.........................................6, 8, 10

<u>Vitronics Corp. v. Conceptronic Inc.,</u>
90 F3d. 1576 (Fed. Cir. 1996) 1582..................................................................7, 10, 11, 12


**STATUTES**
35 U.S.C.§ 102 ................................................................................................12
35 U.S.C.§ 103................................................................................................12
35 U.S.C. § 112................................................................................................6
35 U.S.C.§ 132................................................................................................4


**REFERENCES**
<u>American Heritage College Dictionary</u> Third Edition, 1993
"predetermined" on page 1077.........................................................................15
<u>American Heritage College Dictionary</u> Third Edition, 1993
"sheath" on page 1254.......................................................................................11
<u>American Heritage College Dictionary</u> Third Edition, 1993
"swab" on page 1369.........................................................................................11
<u>American Heritage College Dictionary</u> Third Edition, 1993
"vaginal" on page 1488......................................................................................10
<u>Dorland's Medical Dictionary</u>  28th ed. 1994
"swab" on page 1617.........................................................................................11


<u>Lipscomb's Walkers On Patents §.22:25 on page 423</u>...............................................16

-iii-

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| | * | |
| ALLEGRA D. HEMPHILL, | * | |
| **Plaintiff,** | * | |
| **V.** | * | **Civil Action No.** |
| Serve | * | |
| PROCTER & GAMBLE CO. | * | |
| and serve | * | |
| KIMBERLY CLARK CORPORATION | * | |
| **Defendant(s).** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## I. PLAINTIFF'S PATENT INFRINGEMENT COMPLAINT

Plaintiff, Allegra D. Hemphill, (hereinafter "Plaintiff") complains against

Defendant, Procter & Gamble Co. and Defendant, Kimberly-Clark Corporation

(hereinafter "Defendant(s)") as follows:

## II. JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, Title 35 of the

United States Code §112.

2. This Court has jurisdiction based upon the Patent laws of the United States, Title 35, United States Code §112 and by Title 28, United States Code §1338: Patent Infringement.

3. Venue in this Court is proper as to Defendants pursuant to 28 U.S.C.§1400.

4. Plaintiff, is a citizen of the United States and resident in the State of Maryland.

5. Upon information and belief, Defendant is a corporation, manufacturer and/or distributor. Defendant has committed acts of infringement and causes' others to commit acts of infringement. Defendant does substantial business in this District so that venue is proper as to Defendant(s).

## III. INTELLECTUAL PROPERTY

6. The United States Letters Patent 4,557,720 ("hereinafter '720 patent") has the title "Vaginal Applicator" which entitles a vaginal swab, dully and legally issued to Plaintiff on December 10, 1985 in the United States Patent and Trademarks Office (hereinafter "USPTO"). Plaintiff is, and continues to be the exclusive inventor and owner. A copy of the '720 patent is included herewith in **Plaintiff's Exhibit A**, pg.401-408.

7. On January 26, 1999, the Reexamination Certificate was dully and legally issued to Plaintiff. Plaintiff owns and at all times owned the '720 patent and by rights,

-2-

has standing to sue for '720 patent infringement. A copy of the '720 Patent

Reexamination Certificate is included in **Plaintiff's Exhibit B**, pg. 616-617.

## IV. INTELLECTUAL PROPERTY ALLEGATIONS

8. Upon information and belief, Defendant is infringing the '720 patent and continues to market and sell the accused products alleged by Plaintiff to infringe the aforesaid patent.

9. The '720 patent, properly names Plaintiff as inventor and patent owner and includes **independent claim 1**. See '720 patent in Exhibit A, pg. 401-408.

**Claim 1 reads**: *'A vaginal swab comprised of an outer housing having a closed and open end on opposing ends thereof, said housing including an annular band defining said open end and a plurality of frangible seams that together define a pair of removable members and a pair of housing segments hingably secured to said annular band following removal of said removable members, a swab core member having a predetermined exterior shape said core member having an annular base with an outer diameter equal to the inner diameter of said annular band and an adsorbent member secured to said core member, said core member being secured within said housing so that said adsorbent member is enclosed therein.*

-3-

## A. INFRINGEMENT ANALYSIS FIRST STEP

The Defendants are infringing claim 1 in the '720 patent **"An infringement analysis requires <u>two</u> separate steps."** <u>Maxwell v. J. Baker Inc.</u>, 86 F3d. 1098 (Fed. Cir. 1996) 1105. "The first step is determining the meaning and scope of the patent claims asserted to be infringed. <u>Markman v. Westview Instruments, Inc.</u>, 52 F3d. 967, (Fed. Cir. 1995) 979 (en banc), aff'd.

The asserted claim is claim 1 in the '720 Patent. Claim 1 is directed to species #4 in Col. 5, ll. 28 through Col. 6, ll. 58, figures 8 and 9 in the '720 patent. In the prosecution history, claim 1 is patentable <u>over</u> the prior art cited against species #1, figure 1,2 and 2a in the '720 patent. This embodiment has 'an exterior cover, an internal tubular member, <u>and</u> rotatable base' in Col. 3, ll. 21-23 which was overcome in the elected species #4. <u>"Remarks"</u> regarding structure in the prior art Gelardin 2,393,677 patent as "a rotatable base by means of twisting a knob" were directed to a **non-asserted** canceled claim #3.[1] See Ex. A, pg. 528.

---

[1] The USPTO objected to new material under 35 U.S.C.§ 132. See Paper #10 in Ex. A, 516-520. See 35 U.S.C. .§ 132 in Ex. B, pg.624. The new material filed on May 14, 1984 was <u>not</u> <u>entered</u> and thus, no amendments were made in the patent application 619,684. See Ex. A, 516-528.

-4-

The USPTO cited the prior art Alvarez '811 patent to clarify *the way* of absorbing. Alvarez '811 patent had only one fiber. The asserted claim 1 "reads to" an adsorbent member. To ascertain an adsorbency characteristic is to actually see *at least two fibers* working together which helps improves absorbing. 'However it is important to employ a highly absorbent material and accordingly, any such materials could be used as the absorbent material,' see Col. 3, ll. 65-68 in the '720 patent. "Indeed, prosecution history is a proper claim construction tool. However, [t]he prosecution history can and should, **where relevant,** be assessed (along with, e.g., claim language and specification) in properly interpreting claim language." <u>Alpex Computer Corp. v. Nintendo Co.,</u> 102 F.3d. 1214 (Fed. Cir. 1996) 1220 at IV.

The asserted claim 1 in the '720 patent was claim 5 in the patent application 619,684. See Ex. A, pg. 435, 533 and 534 at paragraph 4. **No amendments** were made to claim 5 in the patent application See Ex. A 500, 516 and **no amendments** were made to the asserted claim 1 in the '720 patent during reexamination. Ex. A, pg.16-17. In other words, any and all statements made by the applicant <u>**did not**</u> narrow the claim **nor** limit the scope. Thus, "While the invention has been

> described in connection with what is presently considered to be the most practical and preferred . . . it is not to be limited . . . but is intended to cover various modifications and equivalent arrangements included in the spirit and scope of

-5-

claims . . . which scope is to be accorded the broadest interpretation so as to encompass all such modifications and equivalent structures" See Col. 6, ll. 49-58 in the '720 patent specification.

The United States Patent Law under 35 U.S.C.§ 112, states in part:

"The specification shall contain a written description of the invention, . . . in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated . . . " Ex. B, pg. 623.

"It is the person of ordinary skill in the field of the invention through whose eyes the claims are construed." "Thus, the court starts the decision-making process by reviewing the same resources as would that person." Multiform Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473, (Fed. Cir. 1998) 1477at [5].

The mandatory statute 35 U.S.C. §112, **states in pertinent part:**

'The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his [or her] invention.' See 35 U.S.C. § 112 in Ex. B, pg. 623.

The "[c]laim construction begins with reading the words in the claim." <u>Bell Comm. Research, Inc. v. Vitalink Comm. Corp.,</u> 55F3d. 615,(Fed. Cir. 1995) 619-620. Claim 1 reads *"a vaginal swab."* The word 'vaginal' pertains to structure **defined in the claim itself,** in Col.6, ll. 59 through 66. In compliance with 35 U.S.C. §112 (above), **the patent claim is structural.** "It is a well- established axiom in patent law that a

patentee is free to be [her] own lexicographer . . ." "Although words in a claim

are generally given their ordinary and customary meaning, a patentee may choose

to be [her] own lexicographer and use terms in a manner other than their ordinary

meaning, as long as the special definition of the term is clearly stated in the patent

specification or file history." <u>Vitronics Corp. v. Conceptronic Inc.,</u> 90 F3d. 1576

(Fed. Cir. 1996) 1582.

The specification in the '720 patent makes an observation: "Accordingly, it is

desirable at times to be able to have a convenient disposable... for purposes of...treating

the vaginal area." Col. 1, ll. 33-35. "I have found that a truly portable, convenient and

disposable ...refreshner is not available." Col. 1, ll. 46-49.

The specification <u>actually</u> **describes** 'in such full, clear, concise and exact terms to

enable any person skilled in the art': "**<u>My device, as set forth herein,</u>** is

comprised of an **outer container** . . . " Col. 1, ll. 66-68.

-7-

("When the meaning of a term in a claim is sufficiently clear from its definition in the specification, that meaning shall apply") <u>Multiform Desiccants, Inc. v. Medzam, Ltd.,</u> 133 F.3d 1473, (Fed. Cir. 1998) 1477. Thus, the word "vaginal" in the asserted claim 1, "reads to" an outer container as an outer housing cover or sheath. [2] However, if there had been any ambiguity in the specification, it would have been determined via the prosecution history. ("Thus, like the specification, the prosecution history can act like a dictionary.") <u>Hoechst Celanese Corp. v. BP Chemicals, Ltd.</u> 78 F.3d 1575 (Fed. Cir. 1996), 1578.

The word "swab" is <u>first</u> **defined within the claim itself.** The word "swab" pertains to the unit in Col. 6, ll.67 through Col. 7, ll. 5. The specification describes the

---

[2] See a <u>container</u> in prior art Laker 4,175,439 patent: ("The container is preferably a flat flexible plastic pouch...and open at one end which permits closing and sealing) in Col. 2, ll. 6-7 (...pulling the sides apart to open the container" in Col. 2, ll. 22 "..container as received is flat and closed" in Col. 2, ll. 17 in Ex. A, pg. 497.

See an <u>outer housing</u> in prior art Bower 4,159,718 patent in Col. 1, ll. 29-31. ("...comprising two rectangular sheets ...") in Col. 1, ll. 57-58 Ex. A, pg. 490.

See a <u>cover</u> in prior art Johansson 4,165,942 patent: ("...before taking implement into use...protective cover which can be opened up at one end ...and folded back to expose..") in Col. 1, ll. 48-55 in Ex. A, pg. 494.

See a <u>sheath</u> in Schuster 4,157,709: "comprises an outer sheath, an intermediate tube slidable there within...to collect mucus.."). Col. 2, ll. 60-66. Ex. A, pg.485.

-8-

swab portion as "*preferably*...fairly rigid inner core member, constructed either in

segments or a one-piece unit . . . adsorbent pad or layer is secured" in Col. 2, ll. 5-8.

Structure will be at, or around the base of a core member in Col. 5, ll. 36-38.   Hence,

the unit is "compact, easily manufactured . . . portable, disposable . . . carriable and

usable" which is established via materials in the prosecution history. See Col. 3, ll. 15-

18.

‘The container is *preferably* made from... polyethylene or any one of the other

polyolefins or from thermoplastics.  Core...can be made from the same material in Col. 3,

ll. 60-65. The terms for ‘preferably’ and ‘fairly’ are made known in the prosecution

history. [3]  For this reason, it is important to <u>remember</u> the USPTO <u>does</u> <u>not</u> <u>deny</u> claim 1

in the ‘720 patent preference in structure as ‘inner core member’.[4]  See Ex. B, pg. 615.

-------------------

[3] A dictionary definition tenders a stick  however, a ring at or around the base of a core

member can also include such materials as: ("...natural and synthetic rubber... polyesters...

polyethylene ...)," in prior art Schopflin 4,155,991 patent in Col. 4, ll. 41-51 in Ex. A, pg. 473.

See prior art Bower 4,159,718 patent:  "...may comprise two layers of paper... [or] a soft

molded plastic" in Col. 2, ll. 24-29 and see Col. 2, ll. 46. Ex. A, pg. 490.

See  prior art Fielding 3,731,682 patent: ("...in lieu of a ribbon, an appropriate string or

cord may be employed") in Col. 4, ll.35-40.  Ex. A, pg. 462.

[4] The prior art Srininvasan ‘567 patent teaches a <u>core member</u>:  ("...may comprise a fluid

impermeable sheet material such as polyethylene or polypropylene cellophane or other similar

films"). Col. 4, ll.5-12. See Ex. A,  pg. 574.

"An analysis of intrinsic evidence alone will resolve any ambiguity in a disputed term" Vitronics Corp. v. Conceptronic Inc., 90 F3d. 1576, 1582. **In this way, both** the specification <u>and</u> prosecution history are **applicable** for fully understanding the meaning and scope in claim 1. ("... entitled to rely on the record made in the Patent Office in determining the meaning and scope of the patent"), see Lemelson v. General Mills Inc. 968 F. 2d. 1202 (Fed. Cir. 1992) on page 1208. "These documents have legal as well as technological content, for they show not only the framework of the invention as viewed by the inventor, but also issues of patent ability as viewed by the patent examiner." Multiform Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473, (Fed. Cir. 1998) 1477at[5].

In the asserted claim 1, the above meaning for the name "vaginal swab" is admissible. The word "swab" pertains to the unit in Col. 6, ll.67 through Col. 7, ll. 5. The word "vaginal" pertains to outer housing as a container, cover or sheath. The word "vaginal" defined as 1). of or relating to vagina  2). Relating to or resembling a sheath *is quoting* American Heritage College Dictionary, 1488 (3rd ed. 1993). Any extrinsic evidence defining "vaginal" as *'limited'* to entering the vaginal canal contradicts case law: ("...intrinsic evidence is the most significant source of the legally operative meaning of disputed claim language.") Vitronics Corp. v. Conceptronic, Inc., 90 F3d 1576 (Fed. Cir 1995) 1582. The patent claim is structural. The secondary dictionary definition for

-10-

the word 'vaginal' as a "sheath" is 'to encase or cover with', *quoting* American Heritage College Dictionary, 1254 (3ʳᵈ ed. 1993) 1254.  Thus, claim construction must not be a matter of *choosing* to limit the claim via extrinsic evidence.[5]  Claim construction begins with *reading* the claim.

Extrinsic evidence via dictionary definitions is included for guidance. See Dorland's Medical Dictionary 1617 (28ᵗʰ ed. 1994 defining "swab" as a wad of cotton or other absorbent material firmly attached to a stick or wire . . . "). See American Heritage College Dictionary Third Edition, 1993 page 1369 which defines a "swab" as  "a small piece of absorbent material on the end of a stick or wire, used for cleansing or applying medicine." [6] ("...the court has numerous sources it may utilize for guidance." Vitronics Corp. v. Conceptronic Inc., 90 F3d. 1576 (Fed. Cir. 1996) 1582.

---

[5] An accused device may be *limited*  to entering the vaginal canal, but focusing claim construction on an accused device is limiting the asserted claim 1.

[6] A court may observe a dictionary for guidance but this definition should not change the legally operative meaning for a word already defined in the claim.

-11-

Decisions by the USPTO are **for guidance.** Decision in the USPTO is a reliable authority. "As such, the record before the Patent and Trademark Office is often of critical significance in determining the meaning of claims." Vitronics Corp. v. Conceptronic, Inc., 90 F3d. 1576 (Fed. Cir 1996) 1582 at [9-11].

The '720 patent made **structural improvements to claim** *a vaginal swab.* The prior art patents did not have all the components to be a *vaginal swab* in claim 1. In fact, the '720 patent has undertaken two requests for reexamination.

The USPTO decided the prior art McNair '343 patent raises no substantial new question of patentability in the asserted claim 1 on July, 6, 1998. The USPTO found the '343 patent as not being relevant under 35 U.S.C.§ 102 and not relevant under 35 U.S.C. §103.[7] Ex. B, pg. 601-603. The '720 patent was reexamined and confirmed despite the prior art Srininvasan '567 patent on January 26, 1999. With respect to the asserted the claim 1, the USPTO decided: 'Srininvasan simply does not disclose. . . an open end opposite a closed end, an annular band, and frangible seams'. Ergo, the '567 patent left the sides of "a wrapper" wide-open which is unacceptable as "outer housing" in claim 1

---

[7] The prior art McNair '343 patent has no outer housing. The USPTO decided "McNair discloses none of the structural features recited, supra." Ex. B, pg. 601-603.

in the '720 patent.[8] The '567 patent failed to have structure as *"an annular base"* and "an *outer housing"* is also absent in the asserted claim 1.

As a result of reexamination, the patentability of claim 1 and 2 was confirmed. NO AMENDMENTS HAVE BEEN MADE TO PATENT. Therefore, any statements made by a Defendant in opposition to this fact, would be "telling" a flat-out falsehood. Ex. B, pg. 616- 617.

---

[8] Read the despicable instructions for handling a wrapped 'sanitary napkin' in the '567 patent, Col. 6, ll.49-68 and Col. 7, ll. 17-35 in Ex. A, pg. 575-576. Only a vaginal swab has all the components so as not to behave, operate or function like that.

-13-

## B.  INFRINGEMENT ANALYSIS SECOND STEP

"The second step is comparing the properly construed claims to the device accused of infringing." Markman v. Westview Instruments. Inc., 52 F3d. 967, (Fed. Cir. 1995) 979 (en banc), aff'd. "To literally infringe, the accused device must contain every limitation [element] of the asserted claim." Maxwell v. J. Baker. Inc. 86 F3d. 1098, (Fed. Cir. 1996) 1105.

The Defendant will not avoid the infringement by any disguise. See in the '720 patent specification at Col. 6, ll. 28-32:

"While segments . . . have been shown as comprising cylindrical type segments, **the actual design** . . . can be modified as desired so that resulting shape . . . can be varied." Likewise, a core member and structure at or around the base may have many designs, from north to south ( ↕ ) or

east to west ( ↔ ). See rings in prior art Schopflin '991 patent in Ex. A, pg. 470-471.



-14-

A vaginal swab protects the unit better *"an annular band defining said open end."* <u>See</u> tapering at Fig. 1, in prior art Johansson '942 patent, in Ex. A, pg. 493. <u>See</u> at Fig. 5 in prior art Laker '439 patent in Ex A, pg.496.  Within an envelope, side 1 and side 2 *defines a pair of removable members* which are together <u>until</u> sides are 'essentially peeled away from an enclosing protecting relationship in Col. 2, ll. 18-22', see as claim 1 requires *"a pair of hinged housing segments defined by a plurality of frangible seams."*

↔A *swab core member* as a fluid impermeable ring [9] can be covered with at least one layer of a porous material.[10]An adsorbent member or padding does not fully cover-up the structure at, or around the base (an annular base) which adapted or adjusts within a cover, container, outer housing or sheath, as claim 1 reads *"outer diameter equal to inner diameter,"* see Col. 5, ll. 43-49. The unit is <u>in place</u> until ready for use. All together, *a vaginal swab* is guaranteed to help improve absorbing.

---

[9] *"A predetermined exterior shape"* as the word "predetermined"is para. in <u>American Heritage College Dictionary,</u> Third Edition, 1993 on page 1077: 1) to determine, decide or establish in advance  2) to influence or sway;  predispose.

[10] *"An adsorbent member secured to said core member"* is made safe so it is promised <u>not</u> to be misplaced nor mishandled. Col. 5, ll. 34-37.

-15-

The Defendants changed "accused devices" for safety and effectiveness reasons.[11]

Thus, ("If accused matter falls clearly within the claim, infringement is made out and that

should be the end of it.") See <u>Lipscomb's Walkers On Patents.</u> §22:25, on page 423.

 The court/jury will be reminded of the fact that  ("One who seeks to pirate an invention .

. . may be expected to introduce minor variations to conceal and  shelter the piracy.")

<u>Lourie Implement Co. v. Lenhart,</u> 130 F 122 (1904 CA8,Iowa) .  **It <u>does</u> <u>not</u> avoid the**

**infringement.**


10.  The accused products designate at least, under the names: Kotex ® Poise ® by

Kimberly-Clark Corporation and Always ® by Procter & Gamble Co.


## COUNT I:   PATENT INFRINGEMENT AND

## REEXAMINATION CERTIFICATE

11.  Plaintiff hereby incorporates each allegation by reference of paragraphs 1-10,

as set forth herein.

---

[11]  In the asserted claim 1, the named <u>vaginal swab</u> should be construed as **structural.**

-16-

12. Upon information and belief, Defendant has infringed and continues to infringe the claims of the '720 patent, using the invention claimed in the '720 patent and/or made according to the invention claimed in the '720 patent by making, using, selling and/or offering for sale a vaginal swab in violation of U.S.C. §271 (a, b).

13. Defendant is infringing the '720 patent, as originally issued and reexamine within the scope of the '720 patent, exemplified by, but not limited to Kotex ®, Poise ® by Kimberly-Clark Corporation and Always ® by Procter & Gamble Co. and will continue to do so unless enjoined by this court.

14. On information and belief, said infringement of the '720 patent and is willful and continues to be willful.

## **PRAYER FOR RELIEF**

15. Plaintiff is entitled to recover damages sustained as a result of Defendant's infringing acts, including profits, with interest and reasonable one half royalty (50%).

16. As a result of Defendants' acts of infringement aforesaid, Plaintiff has suffered irreparable injury, and will suffer further irreparable harm unless said infringement is enjoined.

17. Defendants were notified of Plaintiff's rights in the '720 patent. Defendants have full knowledge of those rights and willfully proceeds to infringe in disregard of

-17-

Plaintiff's rights.

WHEREFORE, Plaintiff prays for judgement against Defendant and prays for relief as follows:

18. Judgement the '720 patent be enforced in this court.

19. Judgement that Defendants be held to have infringed the United States Letters Patent 4,557,720.

20. Judgement, the Plaintiff be awarded profits or one half royalty (50%) is reasonable.

21. Judgement required an accounting for all gains, and advantages derived from Defendant acts of infringement.

23. Judgement, trebling the damages awarded.

24. Judgement that Defendants be ordered to pay over to Plaintiff all damages due to such acts of patent infringement and that prejudgement interest be imposed upon such damages, and awarding punitive and exemplary damages against Defendant.

25. Judgment awarded costs and attorney's fees against Defendant.

36. Judgment awarded such other, further, and different relief as the court may deem just and proper.


Plaintiff respectfully demands trial by jury.

-18-

Respectfully submitted,

*Allegra Hemphill*

Allegra Hemphill, *pro se*

6217 Charnwood Drive

Rockville, Maryland 20852

(301) 897-2030

Date : November 18, 2002

-19-

## PROOF OF SERVICE

I, ALLEGRA D. HEMPHILL, do declare that on this 18th day of November 2002, as required under Federal Rules of Civil Procedure 4(h), I have served  PLAINTIFF'S PATENT INFRINGEMENT COMPLAINT

and PLAINTIFF'S EXHIBITS (A) and EXHIBITS (B) IN

PLAINTIFF'S PATENT INFRINGEMENT COMPLAINT,

via express mail, on the parties to the above proceeding or that party's counsel, and on every other person required to be served, by depositing an envelope containing the above documents in the United Stated mail, properly addressed to them and with postage prepaid.

In compliance with Federal Rules of Civil Procedure 4(h), the names and addresses of the above corporations served, are as follows:

**PROCTER & GAMBLE CO.**

One Procter & Gamble Plaza

Cincinnati, Ohio 45202

Attn.: Mr. James Johnson, Chief Legal Officer

    Legal Department                  Tel. 513 983-1100,

**Procter & Gamble Distributing Company**

525 Vine Street

Cincinnati, Ohio 45202               Tel. 513 983-1100

**Primary Law Firm** Dinsmoore & Shohl LLP

        255 East 5th Street

        Cincinnati, Ohio 45202        Tel. 513 977-8200

-20-

and    **Kimberly-Clark Corporation**

World Headquarters

Irving, Texas 75014                               Tel. 920 721 - 2000


**Kimberly-Clark Corporation**

Headquarters

401 North Lake Street

Neenah, Wisconsin 54956                    Tel. 920 721 - 2000


**Primary Law Firm:** Sidley & Austin

717 North Harwood Street

Dallas, Texas 75201                           Tel. 214 981-3300


I declare under penalty of perjury that the foregoing is true and correct. Executed on the 18th day of November, 2002.


Respectfully submitted,

*Allegra Hemphill*

Allegra Hemphill, *pro se*

6217 Charnwood Drive

Rockville, Maryland 20852

(301) 897-2030

Date : November 18, 2002


-21-

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLEGRA D. HEMPHILL                    :

                                        :

    v.                                 : Civil Action No. DKC 2002-3736
                                            (Exempt from ECF)

                                        :

PROCTER & GAMBLE CO., et al.          :

                                        :

### MEMORANDUM OPINION

Presently pending and ready for resolution is Plaintiff Allegra D. Hemphill's motion, pursuant to FED. R. CIV. P. 59(e), to alter or amend the court's April 15, 2003 order granting Defendants' motions for summary judgment of noninfringement. The issues have been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For reasons that follow, the court shall deny the motion.

## I.  Standard of Review

"A motion for reconsideration [pursuant to FED. R. CIV. P. 59(e)] is granted only in limited circumstances." *Microbix Biosystems, Inc. v. BioWhittaker, Inc.,* 184 F.Supp.2d 434, 436 (D.Md. 2000). "[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 451 (1982). It may be made for one of three reasons:

6/11/03

> (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not [previously] available . . .; or (3) to correct a clear error of law or prevent manifest injustice.

*Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). "[A] motion to reconsider is not a license to reargue the merits or present new evidence." *Royal Insurance Co. of America v. Miles & Stockbridge, P.C.*, 142 F.Supp.2d 676, 677 n. 1 (D.Md. 2001), *citing RGI, Inc. v. Unified Indus., Inc.* 963 F.2d 658 (4th Cir. 1992).

## II.  Analysis

Plaintiff's motion does not satisfy any of the three potential grounds for reconsideration under Rule 59(e). She has presented neither new evidence nor intervening changes in controlling law, nor has she established that the court's decision was clearly erroneous or resulted in manifest injustice. Rather, she proffers the same arguments regarding claim construction previously submitted in her opposition to Defendants' motions for summary judgment, which the court has already rejected. Thus, Plaintiff is attempting simply to reargue the merits of the case, which is not permissible under a Rule 59(e) motion to alter or amend a judgment. Plaintiff's suggestion that the court erred in not allowing claim construction to be decided by a jury is without merit, as it is well-settled that claim construction is a matter of law for the court to decide. *See Markman v. Westview Instruments, Inc.*, 52

F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).

## III.    Conclusion

For the foregoing reasons, the court will deny Plaintiff Allegra D. Hemphill's motion to alter or amend judgment. A separate Order will be entered.

*[signature]*

DEBORAH K. CHASANOW
United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLEGRA D. HEMPHILL                  :

                                     :

    v.                               : Civil Action No. DKC 2002-3736
                                              (Exempt from ECF)

                                     :

PROCTER & GAMBLE CO., et al.

                                     :

### ORDER

    For the reasons stated in the foregoing Memorandum Opinion, it is this _11th_ day of June 2003, by the United States District Court for the District of Maryland, ORDERED that:

    1.  Plaintiff's motion to alter or amend judgment pursuant to FED. R. CIV. P. 59(e) BE, and the same hereby IS, DENIED; and

    2.  The Clerk shall transmit copies of the Memorandum Opinion and this Order to Plaintiff and counsel for Defendants.


                              _Deborah K. Chasanow_
                              DEBORAH K. CHASANOW
                              United States District Judge

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLEGRA D. HEMPHILL

     v.                :  Civil Action No. DKC 2002-3736
                                 Exempt from ECF

PROCTER & GAMBLE CO., et al.    :

                           :

## MEMORANDUM OPINION

Presently pending and ready for resolution in this case is the unopposed motion by Plaintiff Allegra D. Hemphill for a "final judgment." (Paper 46). The issue has been briefed by Plaintiff and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, the court will deny the motion.

On April 15, 2003, this court granted the motions of Defendants Kimberly-Clark Corp. and Procter & Gamble Co., for summary judgment. (Paper 36). In the April 15, 2003, Order, the court specifically stated: "Judgment BE, and the same hereby IS, ENTERED in favor of Defendants Kimberly-Clark Corporation and The Procter & Gamble Co., and against Plaintiff Allegra D. Hemphill." The court also ordered the Clerk to transmit copies of the Order and the Memorandum Opinion (paper 35) to Plaintiff and counsel for Defendants, and to close the case. On April 21, Plaintiff filed a motion pursuant to Fed.R.Civ.P. 59 to alter or amend the court's judgment. (Paper 37). The court denied Plaintiff's motion on June 11, 2003. On June 16, 2003, Plaintiff filed a Notice of Appeal to

the United States Court of Appeals for the Federal Circuit. In an Order dated January 15, 2004, the Federal Circuit affirmed this court's grant of summary judgment to Defendants.

Plaintiff now requests a "Final Judgment." It appears that Plaintiff believes that this court has not yet ruled on her claims alleging patent infringement. Plaintiff seems to assert that the court's grant of summary judgment for Defendants is in some way separate and apart from any ruling on her claims, which she contends are still pending. Plaintiff is mistaken. This court's April 15, 2003, Order fully resolved Plaintiff's claims in favor of Defendants. Judgment was entered on behalf of Defendants and against Plaintiff, and the case was closed. Plaintiff's later motion to amend the court's judgment was denied. Plaintiff's claims have been fully adjudicated in this court. Moreover, Plaintiff's appeal has been heard and decided by the Federal Circuit, which affirmed this court's earlier ruling. Accordingly, there is nothing further for this court to determine with regard to Plaintiff's case. Plaintiff's motion will be denied.

A separate Order will follow.

_____
DEBORAH K. CHASANOW
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLEGRA D. HEMPHILL            :

                               :

        v.                     :  Civil Action No. DKC 2002-3736
                                  Exempt from ECF
                               :

PROCTER & GAMBLE CO., et al.   :

                               :

**ORDER**

For the reasons stated in the foregoing Memorandum Opinion, it is this 13th day of February, 2006, by the United States District Court for the District of Maryland, ORDERED that:

1.  The motion of Plaintiff Allegra D. Hemphill for a Final Judgment (paper 46) BE, and the same hereby IS, DENIED; and

2.  The Clerk will transmit copies of the Memorandum Opinion and this Order to plaintiff and counsel for the defendants.

                            _____
                            DEBORAH K. CHASANOW
                            United States District Judge

# EXHIBIT 4

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

ALLEGRA D. HEMPHILL,                         *

       **Plaintiff,**                              *

   v.                                          *  Civil Action No. 2002 - 3736

KIMBERLY-CLARK CORPORATION et. al.          *

      **Defendant(s).**                          *

                                                     *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S RULE 59(e) MOTION TO AMEND THE FINAL JUDGEMENT

The Plaintiff, Ms. Allegra D. Hemphill files this motion pursuant to Rule 59(e).

In the U.S. District Court for the District of Maryland, the <u>literal patent infringement</u> lawsuit was

docketed on November 18, 2002.  In the United States of America, the Patent Laws are found in

Title 35 United States Code, Section, §102, §103 and §112.  These Patent Laws are **mandatory**

in a patent infringement action.  On February 13, 2006, Judge Deborah K. Chasanow <u>denied</u>

this **rule of law** and thereby <u>denied</u> the formal written petition which legally establishes the

<u>Nature of Suit:  830 Patent Infringement,</u>

<u>Legal Jurisdiction:  Federal Question</u>

and <u>Cause:  28:1338 Patent Infringement.</u>   The Plaintiff files this motion for the following reasons:

    1. With all due respect to the U.S. District Court, it is perfectly reasonable for the applicant

Allegra D. Hemphill,  in the United States Letters Patent 4,557,720 ("the '720 patent"),  to ask a

judge to **apply the patent** law in a patent infringement case.   It is clearly erroneous for a district

court judge, Judge Deborah K. Chasanow,  not to fulfill  her role as a judge.  The role of a judge is

to **interpret the law** as it relates to a particular  case.  This is a patent infringement case.

<div style="margin-left:0">

DENIED t  ; 8th day of March, 2006.

Deborah Chasanow

DEBORAH K. CHASANOW
United States District Judge

</div>



# EXHIBIT 5

NOTE: Pursuant to Fed. Cir. R. 47.6, this order
is not citable as precedent.  It is a public order.

# United States Court of Appeals for the Federal Circuit

2006-1300

ALLEGRA D. HEMPHILL,

Plaintiff-Appellant,

v.

THE PROCTER & GAMBLE COMPANY,

Defendant-Appellee,

and

KIMBERLY-CLARK CORPORATION,

Defendant-Appellee.

ON MOTION

Before BRYSON, GAJARSA, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

O R D E R

Upon consideration of Allegra D. Hemphill's motion for reconsideration of the court's May 1, 2006 order summarily affirming the February 13, 2006 order of the United States District Court for the District of Maryland that denied her motions for final judgment and to amend the judgment,

IT IS ORDERED THAT:

The motion for reconsideration is denied.

FOR THE COURT

*Jan Horbaly*

JUN 2 7 2006
_____
              Date

_____
Jan Horbaly
Clerk

cc:    Allegra D. Hemphill
       Kenneth R. Adamo, Esq.
       James P. Ulwick, Esq.

s8

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

JUN 2 7 2006

**JAN HORBALY**
**CLERK**

2006-1300                    - 2 -

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

ALLEGRA D. HEMPHILL, *pro se*,                    )
                                                   )
       Plaintiff,                             )    Civil Action No. 1:07CV1236
                                                   )
       v.                                     )    Judge Rosemary M. Collyer
                                                   )
KIMBERLY-CLARK CORPORATION, and                    )
THE PROCTER & GAMBLE CO.,                           )
                                                   )
       Defendants.                            )

## [PROPOSED] ORDER

Upon consideration of Defendants' Joint Motion to Dismiss Complaint under Rule

12(b)(6) as Barred by R*es Judicata*, any response thereto, and the applicable law and facts, and

for good cause shown, and for the reasons set forth in the motion, it is this _____ day of 2007,

ORDERED that:

(1)    The motion is hereby GRANTED; and

(2)    This matter is DISMISSED WITH PREJUDICE.


                          _____
                          Rosemary M. Collyer
                          United States District Judge