UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLEGRA D. HEMPHILL

    Plaintiff,

vs.

KIMBERLY- CLARK CORPORATION
and PROCTER & GAMBLE CO.,

    Defendants.

Civil Action No. 1:07cv1236 RMC

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S JOINT MOTION TO DISMISS COMPLAINT UNDER Rule 12(B)(6) AS BARRED BY RES JUDICATA (REQUEST FOR A HEARING)**

Plaintiff Allegra D. Hemphill hereby respectfully submits her opposition to the defendant's joint motion to dismiss the complaint. Plaintiff respectfully requests a hearing before a decision is made in this matter.

1. **Introduction**

This action concerns Plaintiff's patent for a vaginal swab, United States Letters Patent No. 4,557,7220 ("the '720 Patent). Plaintiff is the exclusive inventor and owner of the '720 Patent, which was duly and legally issued to her on December 10, 1985. The '720 Patent is composed of <u>two</u> <u>independent</u> claims: "claim 1" <u>and</u> "claim 2".



RECEIVED
OCT - 5 2007

1

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff's prior lawsuit asserted claim 1 of her patent with respect to these defendants in *Hemphill v. Procter & Gamble Co.*, 258 F. Supp. 2d 410 (D. Md. 2003). This lawsuit asserts claim 2 of the '720 Patent. While terms in the two claims is very similar, claim 2 has *means plus function language* that is not a part of claim 1 and was not evaluated in the prior lawsuit involving claim 1.

The defendants claim that Ms. Hemphill should be barred from bringing her action because of the doctrine of res judicata. However, this theory is inapplicable here because: (1) the prior judgement involved a separate claim (claim 1),

(2) The prior judgement did not rule on the application of claim 2 which is an independent claim from claim 1, and did not evaluate the *means plus function language* and its applicability to the defendants' infringement of the '720 Patent.

3) Because there is *means plus function language* in claim 2 and NOT in claim 1, the applicable law found only in claim 2 is governed by the sixth paragraph in Title 35 United States Code, Section 112, and this mandatory patent law in claim 2 did not exist in claim 1.

The defendants have no colorable argument that this case is based on the same set of transactional facts as the first.

2

## II. Applicable Law

### A. Res Judicata

"On a Rule 12(b)(6) motion, a court judges the sufficiency of the complaint, accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor to the plaintiff. The court construes the allegations in the light most favorable to the plaintiff. Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interest of justice." *Callierate v. New Age Indus. Corp.*, 2005 WL 1027095 (D.Kan., 2005) (Not Reported in F. Supp. 2d.). A finding of res judicata under federal rule 12(b)(6) requires that: (1) the court's prior decision must be valid and final judgement; (2) the suit before the court must involve the same claim or cause of action as in the prior decision (3) the prior decision must have been made on the merits of the case, and (4) the same parties must be involved in both cases. *Mosca v. U.S.* 224 Ct.Cl. 678,650 F.2d. 288 (Table, (Ct.Cl. 1980).

### B. Collateral Estoppel

Collateral estoppel, commonly referred to as issue preclusion, precludes the relitigation of issues actually litigated and determined in a previous action. Issue preclusion is only appropriate if: (1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgement in the first action; and (4) plaintiff had a full and fair

opportunity to litigate the issue in the first action. *Callicrate v. New Age Indus. Corp.*, 2005 WL 1027095 (D. Kan, 2005).

### C. Patent Claims are public knowledge.

Patent claims form of a series of numbered expressions, or more precisely noun phrases, following the description of the invention in a patent or patent application, and define, in technical terms, the extent of the protection conferred by a patent or by a patent application.[1] These phrases are of the utmost importance both during prosecution and litigation. See "Claim (patent)" from Wikipedia, the Free Encyclopedia at http://on.wikipedia.org/wiki/Claim (patent).

In order to exclude someone from using a patented invention in a court, the patent owner, or patentee, *needs to demonstrate* that what the other person is using falls within the scope of a claim of the patent. Therefore, it is more valuable to obtain claims that include the minimal set of limitations that differentiate an invention over what came before i.e, the prior art patents. Id.

There are two basic types of claims: (1) the independent claims which stands on their own and do not have to be read with other claims in order to understand them, and (2) dependent claims which depend on a single claim or on several claims and generally express particular embodiments as fall-back position. Each dependent claim is, by law,

---

[1] The claims in the Hemphill '720 Patent were written by, and filed in the United States Patent and Trademark Office by Cushman, Darby, Cushman, 1801 K. Street, NW Washington, DC 20231. There were no amendments made to the '720 patent.

4

more narrow than the independent claim upon which it depends. Id.

A means plus function claim, such as the one at issue in this case, is a claim including a technical feature expressed in functional terms, e.g.: *"means for converting a digital electric signal into an analog electric signal.:* Id. The language of 35 U.S.C. §112, paragraph 6, which governs means-plus-function claims reads: "An element in a claim for a **combination** may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof."

### III. Argument

A. *The two claims which form the '720 Patent are distinct and independent of one another.*

It shall be well understood, Plaintiff is the holder of two independent claims in the '720 patent. Independent claims are permissible and they are necessary for maximum coverage. They read as follows:

1. A vaginal swab comprised of an outer housing having a closed and open end on opposing ends thereof, said housing including an annular band defining said open end and a plurality of frangible seams that together define a pair of removable members and a pair of housing

segments hingably secured to said annular band following

removal of said removable members, a swab core

member having a predetermined exterior shape,

said core member having an annular base with an outer

diameter equal to the inner diameter of said annular band

and an adsorbent member secured to said core member,

said core member being secured within said housing

so that said adsorbent member is enclosed therein.

2. A vaginal swab comprising and outer housing

including an inner case member and an outer case member

at least part of which is connected to and overlies said inner case member;

a core member, at least one layer of a porous material

secured to said core member, and housing means

for supporting and enclosing said core member,

said core member being secured to said housing

means, having at least two portions movable

relative to one another between first and second positions

for enclosing said core member when in said first position

and for both exposing said core member and the said porous padding

secured thereto and for forming a handle for said swab when in said

second position.

The language of the two claims is plainly different. In addition, the language of claim 2, the only claim at issue in this case, forms an independent claim, in that the language of claim 2 does not have to be read with claim 1 in order to be understood by the person evaluating its application.

To decipher infringement from non-infringement, applicable patent law 35 U.S.C. §112, paragraph 6 in claim 2 is the controlling law. The governing law in 35 U.S.C. §112, paragraph 6 mandates that a combination patent must be strictly confined to the *particular combination* claimed which is mandatory in claim 2 but NOT found in claim 1, and therefore, could not have been previously decided.

**B. Res Judicata is inapplicable.**

The defendants' discussion of the applicability of res judicata is misleading and inaccurate. First, the defendants claim that the court ruled adversely on Plaintiff's Motion for Final Judgement and then cite this determination of non-infringement as a definitive reason that the current claim should be dismissed. Defendants Motion at 6. However, the defendants failed to clarify that the language they cited involved an adjudication of claim 1 and NOT of claim 2. As discussed above, claim 2 is independent of claim 1. No decision by any Court has ever been made in claim 2 with these

defendants.

Second, while the instant case involves the general type of products, the prior lawsuit involved a different claim (claim 1) and not the current claim (claim 2) at issue in this matter. The key here is that claim 2, which has entirely different language describing her vaginal swab, consists of *means plus function language* that <u>does not even exist</u> in claim 1.

Third, the defendants in the lawsuit respecting claim 1 have not been defendants in any lawsuit in claim 2. Therefore, none of the legal requirements for res judicata have been met in this case. At a minimum, without an evaluation of the *means plus function* language involved in claim 2, there is no res judicata.

### C. Collateral estoppel is inapplicable.

Collateral estoppel requires that the issue is identical to one decided in the first action. However, "separate or independent claims in the same patent are in effect separate inventions and each claim of a patent grants the patentee/ or patent owner an exclusive right" For this reason, every claim in the '720 Patent indicates the statutory class of inventions to which it relates. This issue regarding statutory classes has never been discussed in any Court and the most expert opinion in the PTO determines correctly the statutory class or classes of invention to which claim 1 and claim 2 should be directed. Moreover, upon a thorough reexamination of claim 2, the PTO confirmed

that the statutory class 604/386 was directed to claim 2, and the use of specified material for making the specified article regarding *means plus function* produced a valuable, non-obvious result to impart patentability. Here, the patentee must demonstrate the use of specified materials in claim 2 by looking no further than the '720 Patent itself because "evaluations of the prior art requires consideration". *Techsearch, LLC v. Intel Corp.* 286 F3d. 1360 (Fed. Cir. 2002)1369.

The so-called transactional facts to which the defendants refer to in claim 1 "opens up" or widened the scope for the trier to review issues of non-infringement. However, claim 2 is governed by the mandatory patent law 35 U.S.C. §112, paragraph 6 which requires a combination patent *must be* strictly construed to the *particular combination* claimed. "First we examine the statute's text." *Siripongs v. Davis*, 282 F3d. 755,758 (9th Cir.2002). "If the text of the statute makes Congress' intent clear, we need look no further." *United States v.Romo-Romo*, 246 F3d. 1272, 1275 (9th Cir. 2001).[2] Thus, the *function and means language* is only found in claim 2 so that infringement issues in claim 2 are decided based on materials used. In other words, the trier looks directly into the '720 Patent itself.

Here, the products at issue in the current case, while similar to those in the previous case are not established to be identical to the products at issue in the lawsuit

---

[2] "*An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.*" 35 U.S.C. 112, 6.

respecting claim 1. More importantly, the issue in the instant case is not identical to the issue in the previous case because this case involves independent claim 2 and NOT claim 1 at issue in the previous case. Therefore, the first and most crucial element of collateral estoppel has not been met and the grant of the motion to dismiss on this basis is inappropriate.

### IV. Request for a hearing.

Plaintiff respectfully requests a hearing in this matter.

### V. Conclusion

Wherefore, for the reasons stated above, Plaintiff respectfully requests that the Court DENY the defendants' motion to dismiss.

Respectfully submitted,

*/s/ Allegra Hemphill/*
Allegra Hemphill, Pro Se
4902 3rd Street NW
Washington, DC 20011

## Certificate of Service

I certify that the attached opposition to the defendants' joint motion to dismiss was served via first class mail, postage pre-paid, upon the defendants at the following addresses:

Aron U. Raskas, Esq.
James P. Ulwick, Esq.
Kramon & Graham, P.A.
One South Street Suite 2600
Baltimore Maryland 21202-3201

Attorneys for Kimberly-Clark

Blaney Harper, Esq.
Jones, Day
51 Louisiana Avenue NW
Washington, DC 20001

Attorney for Proctor & Gamble

Jason O. Keene
The Keene Firm
805 15TH Street NW
Suite 100
Washington, DC 20005
Office: 202-271-6209
Fax: 202-478-2782
September 24, 2007