## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALLEGRA D. HEMPHILL, *pro se*, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:07CV1236 |
| | ) | |
| v. | ) | Judge Rosemary M. Collyer |
| | ) | |
| KIMBERLY-CLARK CORPORATION, and | ) | |
| THE PROCTER & GAMBLE CO., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT MOTION TO DISMISS COMPLAINT UNDER RULE 12(B)(6) AS BARRED BY *RES JUDICATA*

Defendants The Procter & Gamble Company ("P&G") and Kimberly-Clark Corporation ("K-C") (collectively, "Defendants") have moved this Court[1] for an order dismissing Plaintiff Allegra Hemphill's ("Ms. Hemphill's") complaint on the grounds of *res judicata*. While Ms. Hemphill raises a number of arguments in her Opposition,[2] all of her arguments center on the fact that Ms. Hemphill has alleged infringement of Claim 2 of the patent-in-suit in this case, whereas in the prior suit against Defendants, Ms. Hemphill asserted Claim 1 of the same patent. That fact has no effect on Defendants' motion, and, indeed, supports the argument in favor of claim preclusion, since Ms. Hemphill failed to raise it in the earlier litigation. Further, under the doctrine of issue preclusion, Ms. Hemphill is bound to the prior construction of the claim terms, and under that construction, the accused products cannot be found to infringe.

---

[1] DEFENDANTS' JOINT MOTION TO DISMISS COMPLAINT UNDER RULE 12(B)(6) AS BARRED BY *RES JUDICATA*, hereinafter "Motion," Dkt. # 4.

[2] MEMORANDUM IN OPPOSITION TO DEFENDANT'S [SIC] JOINT MOTION TO DISMISS COMPLAINT UNDER RULE 12(B)(6) AS BARRED BY *RES JUDICATA*, hereinafter "Opposition," Dkt. # 7.

{03144/0/00323267.DOCv1}

I.      **This Suit Is Barred By Claim Preclusion.**

The doctrine of claim preclusion bars plaintiffs, such as Ms. Hemphill, from bringing duplicative and vexatious lawsuits. *See* Motion at 5-8. A subsequent suit is barred when: (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first. *Jet, Inc. v. Sewage Aeration Sys.,* 223 F.3d 1360, 1362 (Fed. Cir. 2000). Ms. Hemphill apparently agrees that this is the proper legal standard to be applied. *See* Opposition at 3.[3] In her Opposition, however, Ms. Hemphill asserts three reasons why she believes that claim preclusion should not apply in this case. All of these reasons are without merit.

A.      **Hemphill's Failure To Assert Infringement Of Claim 2 In The Previous Litigation Precludes Her From Raising It Here.**

Ms. Hemphill contends that because no Court has ruled on whether Defendants infringe Claim 2 of her patent and because "[C]laim 2 is independent of [C]laim 1," she should be allowed to bring this second suit. Opposition at 7. This argument fails, however, because Ms. Hemphill could have and should have asserted Claim 2 against Defendants in the prior *Hemphill III* lawsuit.[4]

Ms. Hemphill admits that she failed to assert Claim 2 of her patent in the *Hemphill III* lawsuit. Opposition at 8 ("[T]he prior lawsuit involved a different claim (claim 1) and not the current claim (claim 2) at issue in this matter."). Having failed to bring all causes of action against Defendants in the prior suit, the current suit is now barred as to all "claims … that were raised or could have been raised" in the prior action. *Hallco Mfg. v. Foster,* 256 F.3d 1290, 1294-

---

[3] Relying on *Mosco v. U.S.,* 224 Ct. Cl. 678, 650 F.2d 288 (Ct. Cl. 1980), Ms. Hemphill sets forth a four-part test for claim preclusion. Substantively, the four elements she cites form essentially the same test as the Federal Circuit's test in *Jet v. Sewage Aeration.* Because this is a patent infringement case, it is the Federal Circuit's formulation of the test that controls. *Hallco Mfg. v. Foster,* 256 F.3d 1290, 1294 (Fed. Cir. 2001) (when the claim preclusion issue is particular to patent law, the law of the Federal Circuit applies).

[4] *See* Motion at 2-4 for a full description of the procedural history.

95 (Fed. Cir. 2001) (emphasis added) (citations omitted). For the purposes of claim preclusion, "claim" does not mean merely "argument" or "assertion;" instead, "claim" is used in the sense of the facts giving rise to the suit. *Foster v. Hallco Mfg.*, 947 F.2d 469, 478 (Fed. Cir. 1991). Here the facts giving rise to suit — the defined terms governing both Claims under the patent, the features of the accused products and whether the properly construed patent claims read on them — are identical in both suits and, thus, this suit is barred.

Further, by bringing this second suit, Ms. Hemphill has engaged in improper claim splitting. *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 91-92 (S.D.N.Y. 2002) (holding that plaintiff, who had previously asserted Claims 2, 13, and 24 of the patent, could not later assert Claim 34 in a subsequent suit against the same defendant because claim preclusion applies to all legal theories that were actually litigated or could have been litigated in previous action). *See also Biogenex Labs, Inc. v. Ventana Med. Sys., Inc.*, No. C-05-860-JF, 2005 WL 1869342, at *2 (N.D. Cal. Aug. 5, 2005) ("Biogenex does not (and could not) dispute that its legal claims based upon Claim 5 of the '452 patent arise out of the same transactional facts as did its legal claims based upon claims 1, 2, 3 and 9 of the '452 patent. The identical conduct is alleged to be infringing in both the First Action and the Second Action.").

Just as in the cited cases, Ms. Hemphill's current suit accuses the same products of infringement as she accused in the prior suit. It cannot be severed from the prior case because it arises out of the same transactional facts as those in the prior *Hemphill III* suit. This case should, therefore, be dismissed.

B.    **Ms. Hemphill's Means-Plus-Function Arguments Are Irrelevant.**

Ms. Hemphill also argues that Claim 2 contains different language, including means-plus-function language, and therefore it allegedly gives rise to a separate cause of action. Again, Ms. Hemphill is wrong. As discussed above, claim preclusion bars all causes of action stemming

from the patent-in-suit that were either brought or could have been brought previously. Thus, because Ms. Hemphill could have and should have asserted Claim 2 against Defendants in the *Hemphill III* suit, this suit is barred. The fact that Claim 2 contains different language, including the purported means-plus-function language,[5] has no relevance whatsoever.

## C.    The Parties Are Identical In This Suit As In The Prior Suit.

Ms. Hemphill's final argument is that the parties are purportedly not identical because Defendants have never been a party to a lawsuit in which Claim 2 was asserted. This argument, too, is flawed because it compares the wrong suits. Ms. Hemphill's argument compares the *Hemphill I* lawsuit — in which McNeil-PPC defended against her allegations of infringement involving Claim 2 of the patent — and the current suit to reach the conclusion that the parties are not identical. The proper comparison, however, is between this suit and the *Hemphill III* suit, in which the parties were indisputably the same. It is true that Claim 1 was asserted in the *Hemphill III* lawsuit,[6] but as discussed above, if Ms. Hemphill wanted to assert Claim 2 against Defendants, she could have and should have done so in the prior *Hemphill III* suit. Now, her allegations that Defendants have infringed Claim 2 are barred.

For all these reasons, and all those raised in Defendants' Motion, Ms. Hemphill's current suit is barred under the doctrine of claim preclusion. This suit involves the same parties, the claim was previously resolved on the merits, and this current suit involves the identical set of transactional facts. Motion at 5-8. Defendants' motion to dismiss should therefore be granted.

---

[5] Ms. Hemphill continues to raise the same incomprehensible argument under 35 U.S.C. § 112, ¶ 6 that she has made numerous times in the prior cases and that has been repeatedly rejected by the Maryland District Court and the Federal Circuit. *See* Motion at 2-4. This argument is irrelevant and should be ignored.

[6] Ms. Hemphill accuses Defendants of being "misleading and inaccurate" in their discussion of the prior court holdings, alleging that Defendants failed to state that Claim 1 of the patent was at issue in *Hemphill III*. *See* Opposition at 7. This accusation is entirely unfounded. Defendants clearly identified the patent claims at issue in each of the prior suits and, indeed, used a boldface font to ensure that this detail was not overlooked. *See* Motion at 2, 7, and 9-10.

{03144/0/00323267.DOCv1}

4

## II.    Ms. Hemphill Is Bound By The Court's Prior Claim Construction.

Under the doctrine of collateral estoppel, also known as "issue preclusion," a defendant is entitled to the benefit of a judgment issued against the plaintiff in favor of a first defendant in prior litigation on the same issues. *Molinaro v. Fannon/Courier Corp.*, 745 F.2d 651, 655 (Fed. Cir. 1984). Again, Ms. Hemphill apparently agrees with this legal standard. Opposition at 3-4.[7]

To be clear, the prior findings are as follows:

(1) In *Hemphill I*, the Maryland court construed claim 2, including the terms 'vaginal swab,' 'outer housing,' and 'core member'; this construction was affirmed by the Federal Circuit in *Hemphill II*;

(2) In *Hemphill III*, the Maryland court held that those same terms — 'vaginal swab,' 'outer housing,' and 'core member' — have the same meaning in claim 1 and claim 2, and further held that since neither K-C's nor P&G's products include 'vaginal swabs,' 'outer housings,' or 'core members,' neither K-C's nor P&G's products infringed claim 1; this holding was affirmed by the Federal Circuit in *Hemphill IV*.

Ms. Hemphill's current argument — that Claims 1 and 2 of the patent describe separate inventions as it relates to the infringement issue — is wrong, as it ignores Judge Chasanow's finding (affirmed by the Federal Circuit) that both Claims of the patent are governed by an identical set of defined terms. *Hemphill III*, 258 F. Supp. 2d 410, 416 (D. Md. 2003). The courts have already determined that K-C's and P&G's products do not include 'vaginal swabs,' 'outer housings,' or 'core members,' regardless of whether those words appear in claim 1 or claim 2 of Ms. Hemphill's patent. The applicability of "means-plus-function" rules under 35 U.S.C. § 112,

---

[7] As with her recitation of the claim preclusion standard, Ms. Hemphill relies on authority other than Federal Circuit precedent to formulate a four-part test for applying issue preclusion. Again, substantively, the legal standard cited by both parties is essentially the same; however, because the questions of claim construction and infringement are unique to patent law, the formulation set out by the Federal Circuit is binding in this patent infringement case. *Hallco*, 256 F.3d at 1294.

{03144/0/00323267.DOCv1}

¶ 6 has nothing to do with the real issue: whether Ms. Hemphill is bound by the construction of the claim terms in *Hemphill I*, which was affirmed by the Federal Circuit in *Hemphill II*, and the U.S. District Court for the District of Maryland in *Hemphill III*.

Finally, Ms. Hemphill argues that it has not been established that the products at issue in this case are identical to those litigated in *Hemphill III*. This is not true. As an initial matter, this argument improperly attempts to shift the burden of proving the features of the accused products to Defendants. But more to the point, as explained in Defendants' Motion, the accused products in this suit are, in fact, the same products as were accused in *Hemphill III*. *Compare* Motion Exhibit 1 at ¶ 13, *with* Complaint [Dkt. # 1] at ¶¶ 16-17. The patent expired on June 11, 2004. Ms. Hemphill has never come forward with any evidence that the design of Defendants' products changed before the expiration date of the patent, and any design changes in the products that may have occurred after the expiration date of the patent are entirely irrelevant. Her conclusory allegations about the accused products are insufficient to defeat Defendants' Motion.

Thus, even if Ms. Hemphill's current suit were not barred as a matter of law — which it is — she is bound by the prior rulings of the Maryland District Court, the Federal Circuit, and the Supreme Court. The accused P&G and K-C products did not infringe the patent the first time Ms. Hemphill sued, and they don't infringe now. There is simply no argument Ms. Hemphill can legitimately offer that would yield a different result.

## III.    There Is No Need For A Hearing On This Issue.

Ms. Hemphill requests that this Court hold a hearing before deciding Defendants' Motion. Defendants respectfully submit that a hearing would not assist the Court in resolving this very straightforward legal issue. Indeed, holding a hearing would simply cause Defendants to unnecessarily expend more resources in defending against this frivolous lawsuit. However, if the Court should set the matter for hearing, Defendants will certainly participate.

{03144/0/00323267.DOCv1}

## IV.    <u>Conclusion.</u>

For all these reasons, Ms. Hemphill's suit should be dismissed with prejudice.

Dated:    October 15, 2007

Respectfully submitted,


/s/ *Aron U. Raskas*                                    /s/ *Blaney Harper*
Aron U. Raskas (Bar No. 422939)          Blaney Harper (Bar No. 14783)
James P. Ulwick (admission pending)    JONES DAY
KRAMON & GRAHAM, P.A.                     51 Louisiana Avenue, N.W.
One South Street - Suite 2600               Washington, D.C. 20001
Baltimore, Maryland 21202-3201            Phone: (202) 879-3939
Phone:  (410) 752-6030                          Facsimile: (202) 626-1700
Facsimile:  (410) 539-1269


                                                            Kenneth R. Adamo
                                                            David M. Maiorana
                                                            JONES DAY
                                                            North Point, 901 Lakeside Ave.
                                                            Cleveland, Ohio 44114
                                                            Phone: (216) 586-3939
                                                            Facsimile:  (216) 579-0212


*Attorneys for Defendant*                      *Attorneys for Defendant*
Kimberly-Clark Corporation                   The Procter & Gamble Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2007, the foregoing Defendants' Reply In Support Of Their Joint Motion To Dismiss Complaint Under Rule 12(b)(6) As Barred By *Res Judicata* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that a copy of the foregoing was served by First Class Mail, postage prepaid on:

> Allegra D. Hemphill
> 4902 Third Street, N.W.
> Washington, DC 20011

/s/ *Aron U. Raskas*_____

Aron U. Raskas