UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLEGRA D. HEMPHILL, *pro se*, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:07CV1236 |
| ) | |
| v. ) | Judge Rosemary M. Collyer |
| ) | |
| KIMBERLY-CLARK CORPORATION, and ) | |
| THE PROCTER & GAMBLE CO., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' JOINT RESPONSE TO
## PLAINTIFF'S MOTION FOR A HEARING

Defendants The Procter & Gamble Company ("P&G") and Kimberly-Clark Corporation ("K-C") (collectively, "Defendants") hereby jointly respond to Plaintiff Allegra D. Hemphill's Motion for a Hearing filed October 22, 2007 (hereinafter "Hearing Motion"). Although it is not clear from the Hearing Motion exactly what Ms. Hemphill is requesting, it seems that her paper is yet another attempt to re-litigate claim construction issues considered and rejected by the U.S. District Court for the District of Maryland and the Federal Circuit. At best, the motion is an improper attempt to get the last word on Defendants' Joint Motion To Dismiss Complaint Under Rule 12(B)(6) As Barred By *Res Judicata* (Docket #4; hereinafter "Motion to Dismiss"). If Ms. Hemphill intends her Hearing Motion to be a sur-reply, it is in violation of this Court's Local Rules, which do not authorize such a filing.

Defendants note that Ms. Hemphill is continuing her practice of filing repeated, meritless papers in this dispute. (*See* Motion to Dismiss at 2-4). Because the Hearing Motion appears to be a sur-reply to the Motion to Dismiss, Defendants will briefly respond to the points raised therein. Defendants will not, however, continue to waste their time or money responding to Ms. Hemphill's repeated filings, unless the Court requests them to do so.

I.     **This Suit Is Barred By Claim Preclusion**

In addition to repeating arguments made to and rejected by other courts, Ms. Hemphill seems to be repeating her argument that this case is not barred by *res judicata* because she is asserting claim 2 here, while she asserted claim 1 in the previous Maryland case against Defendants.[1] Defendants conclusively established in the Motion to Dismiss (and reply brief in support thereof) that Ms. Hemphill's claim 2 vs. claim 1 argument is baseless because, under the doctrine of claim preclusion, her failure to assert infringement of claim 2 in the previous Maryland case prevents her from raising it here.

Ms. Hemphill did not mention claim preclusion in her Hearing Motion. Rather, Ms. Hemphill asserted (1) that the doctrine of claim differentiation should allow this case to proceed, and (2) means-plus-function is relevant. (Hearing Motion at 2-4). Neither of these arguments has any merit.[2]

Ms. Hemphill's claim differentiation argument is irrelevant. Defendants have never said that claims 1 and 2 of Ms. Hemphill's patent are identical in scope. Rather, Defendants established in the Maryland case, and the Federal Circuit affirmed, that three specific terms that appear in both claims 1 and 2 have the same meaning in both claims. *Hemphill III*, 258 F. Supp. 2d at 416-18. This does not implicate claim differentiation. The doctrine of *claim* differentiation refers to differences between *claims*, not between individual claim limitations. *Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1376 (Fed. Cir. 2001) ("The doctrine only creates a presumption that each **claim** in a patent has a different scope.") (emphasis added).

---

[1] See *Hemphill v. Procter & Gamble Co.*, 258 F. Supp. 2d 410 (D. Md. 2003) ("*Hemphill III*"). In the previous Maryland case against McNeil-PPC, Ms. Hemphill asserted claim 2 of her patent. See *Hemphill v. McNeil-PPC, Inc.*, 134 F. Supp. 2d 719 (D. Md. 2001).

[2] Defendants note that Ms. Hemphill did not make a claim differentiation argument in her opposition brief, although she easily could have. The Court should not consider this new argument raised for the first time in Ms. Hemphill's improper sur-reply. Nonetheless, for completeness, Defendants provide a brief response.

2

Even though the three claim terms at issue have identical meanings as used in claims 1 and 2, those two claims do not have the same scope because there are several other differences between the claims. Claim differentiation is inapplicable. *See Kraft Foods, Inc. v. Int'l Trading Co.*, 203 F.3d 1362, 1368 (Fed. Cir. 2000) ("that the claims are presumed to differ in scope does not mean that every limitation must be distinguished from its counterpart in another claim, but only that at least one limitation must differ.").

With respect to Ms. Hemphill's second argument, Defendants demonstrated that the principle of means-plus-function has no bearing on the issues in this case. (*See* Defendants' Reply in Support of Their Joint Motion to Dismiss at 3-4, hereinafter "Reply Brief"). Ms. Hemphill's repetitive arguments have no merit.[3]

## II. There Is No Need For A Hearing On This Issue

In her Hearing Motion, Ms. Hemphill requests that this Court hold a "hearing on patent infringement." (Hearing Motion at 14). It is not clear whether Ms. Hemphill is repeating her request for a hearing on Defendants' Motion to Dismiss or if she is requesting a separate hearing on infringement. Whatever the case, Defendants respectfully submit that no hearing is required for the Court to resolve the very straightforward legal issue presented by the Motion to Dismiss. As Defendants previously noted, holding a hearing would simply cause Defendants to unnecessarily expend more resources in defending against this frivolous lawsuit. However, if the Court should set the matter for hearing, Defendants will certainly participate.

---

[3] In the Motion to Dismiss and Reply in support thereof, Defendants established that Ms. Hemphill's claims in this case are also barred by collateral estoppel. (Motion to Dismiss at 8-11; Reply Brief at 5-6). Ms. Hemphill did not address collateral estoppel in her Hearing Motion.

3

### III. Conclusion

For all these reasons and those set forth in Defendants Motion to Dismiss and reply in support thereof, Ms. Hemphill's suit should be dismissed with prejudice.

Dated: October 30, 2007

Respectfully submitted,

/s/ *Aron U. Raskas*
Aron U. Raskas (Bar No. 422939)
KRAMON & GRAHAM, P.A.
One South Street - Suite 2600
Baltimore, Maryland 21202-3201
Phone: (410) 752-6030
Facsimile: (410) 539-1269

*Attorney for Defendant*
Kimberly-Clark Corporation

/s/ *Blaney Harper*
Blaney Harper (Bar No. 14783)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Facsimile: (202) 626-1700

Kenneth R. Adamo
David M. Maiorana
JONES DAY
North Point, 901 Lakeside Ave.
Cleveland, Ohio 44114
Phone: (216) 586-3939
Facsimile: (216) 579-0212

*Attorneys for Defendant*
The Procter & Gamble Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of October, 2007, the foregoing DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION FOR A HEARING was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that a copy of the foregoing was served by First Class Mail, postage prepaid on:

>Allegra D. Hemphill
>4902 Third Street, N.W.
>Washington, DC 20011

>/s/ Blaney Harper
>An Attorney For Defendant
>The Procter & Gamble Company