**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RECEIVED

NOV 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| ALLEGRA D. HEMPHILL,<br>*Plaintiff,* | * <br> * <br> * <br> * | |
| vs. | * <br> * | Civil Action No. 1:07cv1236 **JDB**<br>Judge John D. Bates |
| KIMBERLY- CLARK CORPORATION | * <br> * | |
| and<br>PROCTER & GAMBLE COMPANY | * <br> * <br> * | |
| *Defendant(s).* | * | |

**************************************************************

### PLAINTIFF'S MOTION TO SUBMIT EXHIBITS

The Plaintiff, Allegra Hemphill, files this <u>Motion to Submit Exhibits.</u>

In the above captioned case, the <u>Complaint</u> and <u>Summons</u> were filed with the Clerk of the Court

on July 10, 2007 which is properly before Judge John D. Bates in the United States District Court

for the District of Columbia against the corporate defendants. Plaintiff asserts the independent

claim 2 in her United States Letters Patent 4,557,720 (the '720 Patent). Ms. Hemphill seeks

permission to file her exhibits and thus, prove her case for **patent infringement.**

### *INTRODUCTION*

The plaintiff- patentee, Ms. Allegra Hemphill, is the inventor and patent owner.

She is entitled to *prove her case for patent infringement, whether for literal infringement or*

*under the doctrine of equivalents* Ms. Hemphill has not yet had a full and fair opportunity,

procedurally, substantively or evidentially. To date, the infringement case has not been heard.

It has been delayed unreasonably. Therefore, in preparation for the Court's Hearing, it is

reasonable for the plaintiff to seek permission to provide this Court with exhibits to show the

1

RECEIVED

NOV 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

infringement.

The defendants have already conceded to the previous claim construction. See the
*Complaint at paragraph 12:*

> Always, Kotex and Poise brand feminine care products each incorporate elements which
> were previously adjudicated in United States District Court, for the District of Maryland
> as part of the Hemphill Patent's claim construction.  Specifically, each of these products
> incorporate:
>
>> a.  A core member that is fairly rigid, having an annular base
>>
>> that can fit into an annular band of outer housing; and
>>
>> b.  An outer housing which serves as a handle structure for the use of the
>>
>> [vaginal] swab, and is not designed to be removed and thrown away.

In keeping with the above terms, it is fair and reasonable for this Court:

a) to clarify what is meant by *a fairly rigid core member* in the '720 patent;

b) to identify the *handle structure* found in the specification, so that definiteness for a *[vaginal]*
swab **as the '720 patent provides**, is achieved.

Definiteness for the [vaginal] swab **is found within the Hemphill '720 patent, itself.**
In fact, the specification in the '720 patent describes a [vaginal] swab as ***absorbent material,
[on a flexible sheet or woven material], that is used to dry or absorb material in or around the
vaginal area.***[1]

---

[1]  "The way the consumer makes use of a vaginal swab is entirely up to them."
See App. 297 at ¶2, App. 302 at ¶5, App. 307 at ¶1.  In the specification of the Hemphill '720 Patent:
    "[t]he present invention is designed to dry or absorb [material, menses, odors, leakage etc...] **when one
    *observes*** a discharge or lubrication ..." Col. 3, ll. 5-9.
    "Normally, such secretions are clean but occasionally debris in the form of blood...can accumulate.
    Accordingly, ...for the vaginal *area* or.... the vaginal *area*..." Col. 1, ll. 31-37.

Despite any and all arguments the defendants try to make with this Court, the parties have found common ground to agree upon and grant this Motion:

A)    It is undisputed, **there were no amendments made to the patent**.

See the record by the PTO in Plaintiff's Appendix at 360A.

B)    It is undisputed, claim 2 reads: '*A vaginal swab comprising...*' and **the word "*comprising*" affects the legal scope.**

C)    It is also undisputed that there should be **no ambiguity in claim construction**.

## A. THERE WERE NO AMENDMENTS MADE TO THE '720 PATENT

No such prosecution history estoppel or issue preclusion applies because there were no amendments made to the patent. **As proof**, in an official announcement, the PTO made it perfectly clear and served official NOTICE: "THERE WERE NO AMENDMENTS MADE TO THE PATENT." See 360A. The PTO clearly and unequivocally demonstrates there were no amendments made to the patent in both the "Reexamination Clerk Checklist" at 338A - 340A, and the "Examiner Checklist Reexamination" at 341A - 343A.[2]

---

[2] The Law Offices of Cushman, Darby and Cushman wrote the claims in the Hemphill '720 Patent. There were no amendments made to the '720 patent.

3

Ms. Hemphill must be given her full and fair opportunity to prove literal infringement and/or prove infringement under doctrine of equivalents. The 1998 Reexamination in the PTO is the most expert opinion by 'one skilled in the art'.    The 1998 decisions and determinations in the PTO went unchallenged. In fact, none of the defendants disputed or challenged any decisions made by the Examiners in the PTO. **The record in the United States Patents and Trademarks Office is the undeniable truth** which gives this Court another reason to grant the Motion.

## B. THE WORD "COMPRISING" AFFECTS THE LEGAL SCOPE.

The Hemphill '720 Patent is definitely providing yet *another manner* for understanding the terms. It is undisputed that the element in claim 2 reads: "A vaginal *comprising*..." and this word "comprising" affects the legal scope. In *Moleculon Research Corp. v. CBS, Inc.* 793 F2d. 1261 (Fed. Cir. 1986) 1271: "the term comprising is a term of art and as such affects the legal scope of a claim."

> "While the invention has been described in connection with what is presently considered to be the most practical and preferred embodiment, it is to be understood that the invention is not to be limited to the disclosed embodiment, but on the contrary, is intended to cover various modifications and equivalent arrangements included with the spirit and scope of the appended claims,, **which scope is to be accorded the broadest interpretation so as to encompass all such modifications and equivalent structures."** See the '720 Patent at Col. 6, ll. 49-58.

Case law  consistently cautions the Courts,

> "[t]he term comprising denotes a patent claim as being "open" meaning that the recitation of structure in the claim is open to additional structural elements not explicitly mentioned" in *Moleculon Research Corp. v. CBS, Inc.* 793 F2d. 1261 (Fed. Cir. **1986**)

1271; in *Crystal Semiconductor v. Tritech Microelectronics* 246 F3d. 1336, 1348 (Fed. Cir.

**2001**) and in *Gillette Co. v. Energizer Holdings, Inc.* 405 F3d. 1367, 1372 (Fed. Cir. **2005**):

> "[T]he transition "comprising" creates a presumption that the body of the claim is open
> ...the claim does not exclude additional, unrecited  elements."

For this reason, the Supreme Court allowed the extrinsic evidence to reach beyond the vaginal

area into the vaginal 'canal' with structure as 'a stick or wire' from the 1993 and 1994

dictionaries because:

> "[T]he Supreme Court does not limit the doctrine of equivalents "to equivalents that are
> disclosed within the patent itself, reasoning that the "proper time for evaluating
> equivalency....is at the time of infringement, not at the time the patent was issued."
> *Warner-Jenkinson* 117 S.Ct. 1040 *Festo Corp. v. Shoeketsu Kinzoku Kogyo Kabushiki*
> 234 F3d. 558 (Fed. Cir. 2000) 566.

In other words, "[t]he transitional term *comprising* is inclusive " *Georgia-Pacific v. US Gypsum*

*Co.,* 195 F3d. 1322, 1327 (Fed. Cir. 1999). Thus, the claims in the '720 patent have

comprehensive meaning. The Maryland district court could not  perform a comprehensive claim

construction based on a complete record and until we obtain a complete record that includes the

dispositive evidence from the specification and prosecution history, a decision in this case is

premature. Fortunately the Federal Circuit affirmed the previous terms --*with a stipulation,*

*provision or condition.*  We know the Federal Circuit agreed that "[i]dentical claim terms cannot

be given a different meaning in different claims of the same patent **unless the patent clearly**

**provides otherwise.**"  Consequently, claim terms in claim 1 identical to terms defined in claim 2

must carry that same meaning" in Hemphill v. Procter & Gamble pg. 3 *quoting Georgia-Pacific*

*v. US Gypsum Co.*, 195 F3d. 1322, 1331 (Fed. Cir. 1999).

## C.  THERE SHOULD BE <u>NO</u> <u>AMBIGUITY</u> IN CLAIM CONSTRUCTION

The defendants do not have a patent of their own.  They are infringing.

Through their attorneys, the defendants  convinced the court to allow structure from a 1994 dictionary  and supported the additional structure for 'absorbent material on a stick or wire' with yet, another dictionary dated 1993.  However, these dictionaries really do not specify what is meant by 'a fairly rigid core member'.  Dictionaries are not  specific about 'an outer housing' as handle structure.

Therefore, for an understanding with this Court, the Plaintiffs' case for infringement must be heard.  The case requires a look at the technology that is actually found within the '720 Patent, itself.  The **1998** Reexamination in the PTO,  is four years after the **1994** dictionary was published which *proves structure* as 'a flexible sheet for a core member' was already within the **1985** Hemphill '720 patent.[3]  This full proof evidence was carefully  scrutinized by Examiners in the PTO.  The specification in the '720 Patent shows  that the term 'fairly rigid' is 'extremely compact, solid, and  one piece unit with the housing means in claim 2' <u>and</u>,  an outer housing in the '720 Patent is identified for 'one skilled in the art' to understand a handle structure in second position in claim 2 because an outer housing in claim 1 was construed in a first position. SEE CHART BELOW at 7(a) and 7(b).  This court must recognize that

the **1998** Reexamination in the PTO is four years after

the **1994** dictionary and the 1998 Reexamination <u>confirmed</u> structure that was already within

the **1985** Hemphill '720 patent:

---

[3] In the Plaintiff's Appendix, see prior art Bower 4,159,718 patent: ("...a thin plastic flexible sheet material made from polyolefins or thermoplastics in  Col. 1, ll. 29-31.and ("...may comprise two layers of paper...[or] soft moldable plastic... comprising two rectangular sheets ...") at Col. 1, ll. 57-58 and Col. 2,ll. 24-29 at App. 197A.

## FULL AND FAIR OPPORTUNITY

| COURT | DEFENDANT | PLAINTIFF PROVES: |
|---|---|---|
| **FOCUS** | | |
| | NON-INFRINGEMENT<br>EXTRINSIC | INFRINGEMENT<br>INTRINSIC |
| **SOURCE or**<br>**AUTHORITIES** | | |
| | 1994 dictionary<br>1993 dictionary | United States Letters Patent 4,557,720<br>1985 Specification/Prosecution History<br>1998 REEXAMINATION in the<br>United States Patents and Trademarks Office |
| Claim construction | Limited between 1993-1994 | (1998 REEXAMINATION CONFIRMS<br>EQUIVALENTS IN 1985 '720 PATENT) |
| **SWAB** | | |
| | vaginal "canal"<br>absorbent material<br>stick/wire | vaginal "area"<br>absorbent material in claim 2<br>flexible sheet or woven material |
| **CORE**<br>**MEMBER** | | |
| *Fairly rigid core member* | INDISTINCT (?) | Extremely compact, solid, segmented or one-piece<br>'portable, disposable, carriable and useable' |
| *an annular base fitting within*<br>*an annular band* | UNCERTAIN   (?) | In claim 2, one piece flexible sheet *with*<br>*[housing means* or annular base] is fitting within<br>an annular band |
| **OUTER**<br>**HOUSING** | | |
| *An outer housing as*<br>*handle structure that is not*<br>*to be removed* | UNIDENTIFIED(?) | In Claim 1, an outer housing is construed in first<br>position so that the annular band is a handle.<br>Claim 2 reads in first position and second position<br>which is  '*essentially peeled away from an*<br>*enclosing protecting relationship*' *so that the*<br>*housing means (annular base) is a handle structure*<br>*at the base of the exposed swab, in second position.* |

**THE PLAINTIFF *SHOWS* IN THE '720 PATENT:**



← Absorbent material 104 at Col. 5, ll 29-31.

is secured to

← core member 102 (see flexible sheet) at Col. 5, ll. 36-37

which is *extremely compact* at Col. 3, ll. 16-18,
*solid* or hollow at Col. 5, ll. 34-35
and    segmented or *one piece* at Col. 2, ll. 6-7
with structure as band/.ring 106

↕ structure as band/ring 106

at the base of core 102 at Col. 5, ll. 32-33
is an **annular base**
   *fitting within*

an **annular band** at Col. 5, ll. 44-45 (see below) ↕



*Fold- over* accused devices for forming a handle. <u>In first position</u>, an annular band is a handle structure that is
'*essentially peeled away from an enclosing protecting relationship*' at Col. 2, ll. 19-22.
<u>In second position</u>, an annular base is handle structure in claim 2.

In the PTO record, compare the front page of the 1998 <u>Reexamination</u> <u>Certificate</u> with the above accused devices.

The above accused devices have the structural components. →



7(b)

Clearly, the Plaintiff's case for patent infringement is

*a) in keeping with* the decisions by the Supreme Court <u>and</u>

*b) consistent with* the stipulations by the Federal Circuit <u>and</u>

*c) in accordance with* the Maryland district court's claim construction.

It is reasonable <u>for</u> <u>this</u> <u>Court</u> to allow the plaintiff-patentee the 'full and fair' opportunity to prove her case for patent infringement.   Ms. Hemphill must *show* her claims are infringed. The Plaintiff proposes to file her exhibits with the Clerk of the Court   before the scheduled date of the hearing.


**CONCLUSION:**  The Court should grant the motion to allow the exhibits.


Respectfully submitted,

*Allegra Hemphill*

_____/s_____

Allegra Hemphill
4902 3rd Street NW
Washington, DC 20011
(240) 361 - 8699

8

**Certificate of Service:**
**By US Mail (Postage Paid), to:**

>           *Kimberly Clark Corporation*
>           Kramon & Graham, PA
>           One South Street, Suite 2600
>           Baltimore, Maryland 21202
>           attn. James Ulwick,
>                   Aaron Raskas

>           *Procter & Gamble Corporation*
>           Jones Day
>           51 Louisiana Avenue NW
>           Washington, DC 20001
>           attn.: Blaney Harper

I hereby certify that on November 26th , 2007,
this document was caused to be served upon the parties named on this page
at the addresses listed and by the means stated.

*Allegra Hemphill*
____/s/_____
Allegra Hemphill

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLEGRA D. HEMPHILL,     * | |
|     * | |
| *Plaintiff,*     * | |
|     * | |
| vs.     * | Civil Action No. 1:07cv1236 **JDB** |
|     * | Judge John D. Bates |
| KIMBERLY- CLARK CORPORATION     * | |
|     * | |
| and     * | |
| PROCTER & GAMBLE COMPANY     * | |
|     * | |
| *Defendant(s).*     * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## [PROPOSED] ORDER

Upon consideration of the Plaintiff's Motion to Submit Exhibits,  it is hereby, this

_____ day of _____, 2007.

**IT IS ORDERED**, a Hearing shall be granted and all parties and any counsel

shall appear for the Hearing on the \_\_\_\_\_, day of _____2007 at

_____a.m./p.m.

**IT IS ORDERED**, all exhibits shall be filed with the Clerk of Court at least

_____days prior to the scheduled Hearing date.


_____

UNITED STATES DISTRICT COURT JUDGE