RECEIVED
DEC 14 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLEGRA D. HEMPHILL, *<br>*Plaintiff,* * <br> * <br> vs. * <br> * <br> KIMBERLY- CLARK CORPORATION * <br> * <br> and * <br> PROCTER & GAMBLE COMPANY * <br> *Defendant(s).* * | Civil Action No. 1:07cv1236 **JDB**<br>Judge John D. Bates |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF'S REPLY
### IN SUPPORT OF PLAINTIFF'S MOTION TO SUBMIT EXHIBITS

The Plaintiff directed the attention of the Court to the **infringement** side of this case in the Complaint and Summons filed on July 10, 2007 before Judge John D. Bates.

The Court <u>does</u> <u>not</u> overlook a Complaint if it appears that Ms. Hemphill can prove facts to support her claim which entitles her to relief. In *Reynolds v. US Capitol Police BD.* 357 F. Supp. 2d. 2, 10 (D.DC. 2004):

> [the issue of infringement] "must be '*actually litigated*' i.e. contested by the parties and submitted for determination by the court, and then, actually and necessarily determined by a court of competent jurisdiction."[1]

In the *above Motion to Submit Exhibits,* see page 7a and 7b, the Court clearly *sees* the issues about **infringement** "<u>do</u> <u>not</u> raise a bar to preclude the plaintiff's claims." The plaintiff has proven facts in support of her claims which entitles her to relief. Therefore, the plaintiff-patentee's "motions and pleadings are not being presented for any improper purpose, such as to harass or to cause an unnecessary delay or needless increase in the cost of litigation. The claims,

---

[1] The **infringement** case must be heard in a Court of law. The question becomes 'why' is the plaintiff-patentee being denied 'a day in court'?

defenses and other legal contentions therein are warranted by existing law..." See *Morning Star Baptist v. James City County Police* 480 F. Supp. 2d. 853, 859 (E. D. Va. 2007). [2] At trial, the defendants must concede to the relief the plaintiff-patentee seeks because these **corporate-defendants do not have a patent** and they are infringing upon the Hemphill '720 Patent.

CONCLUSION: The Plaintiff's Motion to Submit Exhibits should be granted.

Respectfully submitted,

/s/ *Allegra Hemphill*
Allegra Hemphill
4902 3rd Street NW
Washington, DC 20011
(240) 361 - 8699

---

[2] The mandatory law 35 U.S.C. §112, ¶6 *requires* the Court to review 'what *materials are used*'. There is no estoppel in the claims *because* **there were no amendments** made to the Hemphill '720 Patent.

**Certificate of Service:**
**By US Mail (Postage Paid), to:**

*Kimberly Clark Corporation*
Kramon & Graham, PA
One South Street, Suite 2600
Baltimore, Maryland 21202
attn. James Ulwick,
    Aaron Raskas

*Procter & Gamble Corporation*
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001
attn.: Blaney Harper

I hereby certify that on December 13th, 2007,
this document was caused to be served upon the parties named on this page
at the addresses listed and by the means stated.

_____/s/_____
Allegra Hemphill