UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALLEGRA D. HEMPHILL, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Action No. 07-1236 (RMC) |
| KIMBERLY-CLARK CORPORATION and PROCTER & GAMBLE COMPANY, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

### MEMORANDUM OPINION

On July 10, 2007, Plaintiff Allegra D. Hemphill, proceeding *pro se*, filed a complaint against Kimberly-Clark Corporation and Procter & Gamble Company (collectively, "Defendants"). The Complaint alleges that Defendants infringed one claim of Ms. Hemphill's patent in violation of 35 U.S.C. §§ 112(2) and (6). *See* Compl. ¶ 1. Defendants jointly move to dismiss Ms. Hemphill's Complaint on the basis of *res judicata*. For the reasons that follow, their motion will be granted.

### I. BACKGROUND

On December 10, 1985, Ms. Hemphill was issued a patent for a "vaginal swab." *See* Compl. ¶ 7 & Ex. A (United States Patent No. 4,557,720 ("the '720 patent")). The '720 patent describes a disposable vaginal swab or refresher meant either to cleanse or treat the vaginal area with fragrances, medications, germicides, or deodorants. Compl. Ex. A, Col. 1, lines 33-38. The '720 patent is comprised of two independent claims (hereinafter, "Claim 1" and "Claim 2").

In March 1999, Ms. Hemphill sued Johnson & Johnson, Inc. for alleged infringement of the '720 patent in the United States District Court for the District of Maryland. Ms. Hemphill alleged that McNeil-PPC, a subsidiary of Johnson & Johnson, Inc., had infringed Claim 2. The accused products were

McNeil-PPC's sanitary napkins and adult incontinence products sold under the Stayfree, Carefree, and Serenity product lines. The Maryland District Court granted summary judgment of non-infringement for the defendant. *Hemphill v. McNeil-PPC, Inc.*, 134 F. Supp. 2d 719, 725-29 (D. Md. 2001), *aff'd*, *Hemphill v. McNeil-PPC, Inc.*, No. 01-1391, 2001 WL 1504561 (Fed. Cir. Nov. 27, 2001). In so doing, the court construed the terms "vaginal swab," "outer housing," "housing means," "core member," and "layers of porous material," and concluded, *inter alia*, that Ms. Hemphill's invention was meant to enter the vaginal cavity, and was not meant to behave or function like a sanitary napkin.

On November 18, 2002, Ms. Hemphill proceeded to sue Defendants, Kimberly-Clark Corporation and Procter & Gamble Company, for alleged infringement of Claim 1 of the '720 patent. She fared no better, as the court granted summary judgment in favor of Defendants. *Hemphill v. Procter & Gamble Co.*, 258 F. Supp. 2d 410, 416-18 (D. Md. 2003) ("*Hemphill II*"). The accused products in that case also were sanitary napkin and adult incontinence products—sold under the name Kotex, Always, and Poise—and the court concluded that they did not infringe Claim 1 because they lacked several limitations of the claim. The Federal Circuit affirmed the District Court in all respects. *Hemphill v. Procter & Gamble Co.*, No. 03-1463, 2004 WL 74620 (Fed. Cir. Jan. 15, 2004).

In the instant Complaint, Ms. Hemphill again sues Kimberly-Clark Corporation and Procter & Gamble Company and the accused products are the same products that were at issue in *Hemphill II*. However, Ms. Hemphill now argues that those products infringe Claim 2 of the '720 patent. *See* Compl. ¶¶ 16-17.

## II. LEGAL STANDARDS

### A.     Rule 12(b)(6)

Defendants move to dismiss Ms. Hemphill's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to 12(b)(6) challenges the adequacy of a

complaint on its face, testing whether a plaintiff has properly stated a claim. Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). A court must treat a complaint's factual allegations – including mixed questions of law and fact – as true, drawing all reasonable inferences in the plaintiff's favor, *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F. 3d 156, 165 (D.C. Cir. 2003), and the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965. But a court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In deciding a 12(b)(6) motion, a court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted). However, a court may, in its discretion, consider matters outside the pleadings and thereby convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b); *Yates v. District of Columbia*, 324 F. 3d 724, 725 (D.C. Cir. 2003).

   B. *Res Judicata*

Under the doctrine of *res judicata*, also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action." *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004) (citing *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002)). The doctrine embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to

do so." *SBC Comms. Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quoting Restatement (Second) of Judgments at 6 (1982) (emphasis in original)). As such, it promotes the "purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions." *Montana v. United States*, 440 U.S. 147, 153 (1979).

"Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake*, 291 F.3d at 66 (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). Courts make such a determination by looking at "'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 n.5 (D.C. Cir. 1983) (quoting 1B J. Moore, Moore's Federal Practice ¶ 0.410[1] (2d ed. 1983)). Put another way, "under *res judicata*, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action.'" *Drake*, 291 F.3d at 66 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (emphasis in original)).

*Res judicata* is an affirmative defense that is generally pleaded in a defendant's answer, but is also properly brought in a pre-answer Rule 12(b)(6) motion when "all relevant facts are shown by the court's own records, of which the court takes notice." *Evans v. Chase Manhattan Mortgage Corp.*, No. 04-2185, 2007 WL 902306, at *1 (D.D.C. Mar. 23, 2007) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)); *Stanton v. Dist. of Columbia Ct. of Appeals*, 127 F.3d 72, 76-77 (D.C. Cir. 1997) (noting that courts have permitted parties to assert *res judicata* under Rule 12(b)(6)). A court may take judicial notice of public records from other proceedings. *Covad Comms. Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *Does I Through III v. District of Columbia*, 238 F. Supp. 2d 212, 216-17 (D.D.C. 2002).

### III.  ANALYSIS

As is readily apparent from the face of the Complaint in conjunction with the decision in *Hemphill II*, of which the Court takes judicial notice, this case involves the same defendants and products that were at issue in *Hemphill II*.  *Compare* Def.'s Mem. Ex. 1 at ¶ 13 *with* Compl. ¶¶ 16-17.  Ms. Hemphill makes no assertion to the contrary.  It is therefore of no moment that she now accuses Defendants of infringement of Claim 2, for the "nucleus of facts" is identical in both suits.  *See Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479-80 (Fed. Cir. 1991) ("It follows that for claim preclusion to apply here, the devices in the two suits must be essentially the same. . . . Colorable changes in an infringing device or changes unrelated to the limitations in the claim of the patent would not present a new cause of action.").  Ms. Hemphill could have raised the instant allegations in the prior suit.  *Drake*, 291 F.3d at 66.  Accordingly, this case must be dismissed.

### IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Dkt. # 4] will be granted and this case will be dismissed with prejudice.  All other pending motions will be denied as moot.  A memorializing order accompanies this Memorandum Opinion.

Date: January 3, 2008                              /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge