UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLEGRA D. HEMPHILL, <br> Plaintiff <br> vs. <br><br> KIMBERLY- CLARK CORPORATION <br> and <br><br> PROCTER & GAMBLE COMPANY <br> Defendant(s). | Civil Action No. 1:07cv1236 **RMC** |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO**

**<u>PLAINTIFF'S FEDERAL RULE OF CIVIL PROCEDURE RULE 60(B) MOTION</u>**

The Plaintiff filed the Fed. R. Civ. Pro. Rule 60(b) Motion, to give this Court "power to entertain an independent action to relieve a party from a judgement, order or proceeding, or to set aside a judgement for fraud upon the court" and, for the following reasons:

Corporate defendants do not deny misleading the Maryland district court judge. Knowingly or unknowingly, the Maryland district court judge Deborah K. Chasanow was "duped" into focusing on the **wrong species # 1** in the **wrong patent application 434,828.** By doing this, the corporate defendants brought "clutter" into her claim construction. Therefore, when these attorneys for defendants say "the issues have been *fully* litigated",-- it is yet another form of deception. They know they deliberately misdirected the previous district court to construe both the rejected species #1 (Ser. No. 434,828) <u>and</u> the allowable species # 4 (Appl. No. 619,684), which shows the corporate defendants' intentionally meant to delude the courts and subvert the balances in the PTO. This is cheating. Moreover, the misrepresentations in their Rule 12(b)6 'motion to dismiss the Complaint' shows their clear intent to divert Judge Rosemary Collyer's attention *away from* **species # 4, also.** However, through <u>their</u> trickery and <u>their</u> deceit, the Maryland district court judge simply widens the scope. It is for this reason,

RECEIVED
FEB 1 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

the parties are not relitigating any issues. We are simply 'clearing the clutter'. Now, in this Court, Judge Rosemary Collyer, must decipher the species #1 from the distinct species #4 by **clarifying the scope for** 'a *fairly rigid core member*'

and **identify** '*an annular base fitting within an annular band* ' is the housing means fitting within outer housing in claim 2, **Species #4.**

An outer housing that *"functions as a handle for the use of the swab,"* and is *"not designed to be removed and thrown away"* is correctly the housing means in claim 2, species #4. [1]

Fortunately, the PTO already confirmed relevant structure that is actually found in Species #4 during a Reexamination. The record by the PTO **is the proof** for this Court to proceed at jury trial. Reexamination established the true basis for this Court to find for infringement concerning the accused devices. See App. 305A - 306A and see App. 309 - 311.

> The PTO determined: **"prior art has structure that may read on claim 2 such as a core member surrounded by a layer of porous material, an outer housing** and housing means with 2 positions (one position that protects the core member and another position that exposes the core member for use). App. 306A.
>
> The PTO decided: **"prior art did not disclose the housing means of Hemphill** and does not disclose the structure that could be considered equivalent to the housing means of Hemphill . *In re Donaldson Co.*, 16F.3d. 1189, 29 (fed. Cir. 1994)." App. 310A

Experts in the PTO made the above distinctions and found the improvements in a vaginal swab *prevailed over* the prior art sanitary napkins. See Reexamination Certificate in Document 1, Ex. B. The relevant patents were carefully scrutinized and analyzed by the PTO. These *facts are*

---

[1] **It is not true** that the Federal Circuit affirmed the district court's ruling "in every respect". See Document 4, page 2. The Federal Circuit did not affirm any such structure as a rotatable base. Species # 4 has only **two** components or portions **as outer housing**. (Appl. No. 619,684). **Compare** *Hemphill v. McNeil PPC* No. 01-1391, 2001 WL 1504561 (Fed. Cir. Nov. 27, 2001) at Claim Construction **with** *Hemphill v. McNeil-PPC* 134 F. Supp. 2d. 719, 725 -29 (D. Md. 2001) at Claim Construction.

*enough to raise a right to relief above the "speculative" level* to proceed at jury trial. See Document 15, Opinion at page 3.

For all of the above reasons, the corporate defendants cannot respond substantively. The corporate defendants are cloaking themselves "in denial" about so-called "baseless" claims because *they know they are infringing.* Therefore, this Court **must give conscious adherence to the warnings by the authority in the PTO.** The record in the PTO is the undisputed evidence that **supports and proves the infringement.** .[2]

---

[2] The '720 patent describes 'fairly rigid core member ' in Claim 2, Species # 4 as core 102 (flexible material) at Col. 5, ll. 36-37

> Reexamination confirms a <u>core member</u> as flexible sheet via prior art '567: ("...may comprise a fluid impermeable sheet material such as polyethylene or polypropylene cellophane or other similar films"). Col. 4, ll.5-12. App. 331.

and absorbent material 104 at Col. 5, ll. 29-31

> "adsorbent pad or at least one layer or porous material is secured" at Col. 2, ll. 7-8.
> To *clarify the way of absorbing*, the PTO cited the prior art Alvarez US patent 4,177,81, having only **one** fiber, but the characteristic of an adsorbent member (found in claim 1 of the '720 Patent) is when **two** fibers working together, helps improve absorbing. <u>See</u> "[i]t is important to employ a highly absorbent material and accordingly, any such materials could be used as the absorbent material" at Col. 3, ll 65-68 in the Hemphill '720 patent.

is secured to core 102 but **does not cover up annular band 106 Col. 5, ll. 36-38**
which is **extremely compact** Col. 3, ll. 16-18.
**solid** or hollow at Col. 5, ll. 34-35,
segmented or **one piece** unit at Col. 2, ll. 6-7
with **an annular band 106 at the base of core 102 at Col. 5, ll.32-33, is actually housing means in claim 2,** fitting within an annular band Col. 5, ll. 44-45.
"both portable and disposable and easily carriable and usable" at Col. 3, ll. 16-18.
Reexamination <u>confirmed</u> claim 1 and claim 2 . *App.* 360A.
<u>See</u> the '720 Patent in the Complaint Ex. A o r see *App.* 107A - 114A.

3



← Absorbent material 104 at Col. 5, ll 29-31.

is secured to

← core member 102 (see flexible sheet) at Col. 5, ll. 36-3
which is *extremely compact* at Col. 3, ll. 16-18,
*solid* or hollow at Col. 5, ll. 34-35
and segmented or *one piece* at Col. 2, ll. 6-7
with structure as band/ring 106

↑ structure as band/ring 106
at the base of core 102 at Col. 5, ll. 32-33
is an **annular base**
   *fitting within*

an **annular band** at Col. 5, ll. 44-45 (see below) ↓

*Fold- over* accused devices for forming a handle. <u>In first position</u>, an annular band is a handle structure that is 'essentially peeled away from an enclosing protecting relationship' at Col. 2, ll. 19-22.
<u>In second position</u>, an annular base is handle structure in claim 2.

4

## COMPLAINT

It was wrong for this Court to grant a Rule 12(b)6, 'motion to dismiss' without even hearing the Complaint. This old way of doing things, is no more. The Complaint should have been heard first and before any 'motion to dismiss the Complaint'. To date, the Complaint for claim 2, Species #4 (Appl. No. 619,684) in the United States letters Patent 4,557,720 has not ever been heard. Failure to act on the Complaint is this Court's *clear error.*

The Rule 60(b) motion calls this Court's attention to **the fact** that there has not been a "fair judgement", no "final judgement" or any "judgement" regarding Species # 4 in the United States Letters Patent 4,557,720 in either claim 1 or claim 2. "Judgement on the merits' **must be directed to** Appl. No. 619, 684 regarding Species # 4. This Court completely overlooked the cause of action even though the Complaint was very specific about asserting the *meaning* in the independent **claim 2 and correctly directed this Court's attention to the scope in Species # 4.** See Complaint paragraph 12 and see page 5 - 6.[3]

## THE UNITED STATES PATENT LAW

Rule 60(b) is another way for this Court to provide the correct forum for "fairness" and "justice". "Fairness" is to say what the law is Title 35 U.S.C. **§112, ¶2 and §112, ¶ 6.** "Justice" is to apply and enforce the law the way you say you will. It is not a waste of the Court's time to do this. The United States Patent Laws are mandatory.

The Rule 60(b) motion refuted the *res judicata* motion about "re-litigation"because we are keeping the same *meaning* for the claim terms. The court must determine (decipher) the

---

[3] During the prosecution phase in the PTO, Ms. Hemphill's *invention* was safeguarded in claim 5 and claim 6 to protect these claims from material directed to a non-elected species. Claims 5 and 6 are now claim 1 and claim 2 in the '720 Patent  Consistent with this fact, Judge Rosemary Collyer points out in her opinion, that a case such as this one, *turns on the nucleus of facts*. See Document 15, Opinion page 4. Structures that are central to *the invention* are found in Species #4.

correct scope. In the Complaint, Ms. Hemphill correctly asserted the **claim 2** <u>and</u> the correct scope in **Species # 4** which is *in keeping with* the first step in the infringement analysis that <u>requires</u>:

> "The first step is determining *the meaning* <u>and</u> *scope* of the patent claim asserted to be infringed." *Markman v. Westview Instruments, Inc.*, 52 F3d. 967 (Fed. Cir. 1995) 979 (en banc), aff'd.

Determining the above scope <u>is</u> synonymous with applying mandatory patent law Title 35 U.S.C. §112,¶6. **It is a mandate for this Court to obey**.

Tellingly, the PTO forewarned this Court to **look to the <u>structures</u> <u>in</u> <u>claim</u> 2 <u>in</u> <u>the</u> '720 patent** by citing <u>*In re Donaldson Co.*</u>, 16F3d. 1189, USPQ 2d 1845 (Fed. Cir '994). App. 310A. Both this Court and Ms. Hemphill are bound by the patent law Title 35 U.S.C.§112, ¶2 which requires Ms. Hemphill '*point to and distinctly claim <u>her</u> invention*'. **Courts must** *follow the rule of law.*

> "The second step is **comparing** the properly construed claims to the device accused of infringing." *Markman v. Westview Instruments, Inc.*, 52 F3d. 967 (Fed. Cir. 1995) 979 (en banc), aff'd.

It is *a matter of fact* for the jury to decide. However, <u>first</u> and <u>before</u> any comparisons are made to the accused devices, at least one sample of the accused products should be provided to make a decision. In this way, a jury can reasonably determine whether the accused products are in fact vaginal swabs in claim 2, species #4 or, the prior art sanitary napkins. [4] Clearly, the jury will find the accused devices are <u>not</u> "sanitary napkins" in the prior art because **it behaves (the way it absorbs) and functions (two positions for an outer housing and housing means to protect the unit from danger, risk <u>and</u> loss) like a vaginal swab.**

---

[4] At the time for invention, olden sanitary napkins were in the marketplace causing leaking, soiling, odors, wetness, perspiration etc. It is for this reason, the corporate defendants completely transformed the accused devices with the *improvements* in a vaginal swab. **They are infringing.**

**JURY TRIAL**

Rule 60 (b) is one more good reason for justifying relief. The defendants and their attorneys offer nothing of substance to explain why this Court should not proceed at jury trial. Ms. Hemphill *earned* her right to prove her case for patent infringement before a jury trial. Ms. Hemphill made the jury demand and the defendants did not have any reasonable objections to a jury trial. See Fed. R. Civ. Pro., Rule 38.

Therefore, the Plaintiff had to represent herself up to this point because Ms. Hemphill is the only party in this case with the United States Letters Patent. She is the only ' applicant' having been through the process in the United States Patent and Trademarks Office (the PTO). It is therefore proper and befitting that she comes forward in this Court of law 'to tell the truth' about *her* record in the PTO regarding *her invention* in *her* United States Letters Patent 4,557,720 (Appl. No. 619,684, Species #4).

The corporate defendants, Kimberly-Clark Corporation and Procter & Gamble Company, are not the credible source. They did not undergo ***the legal procedure in the PTO*** to obtain any patent whatsoever that covers these devices accused of infringing. The defendants did not seek the advice of reputable attorneys to obtain a patent of their own and therefore, their attorneys should not advise this Court nor try to speak on behalf of the Plaintiff. These corporations are clearly ***not being truthful with this Court.*** It is with respect for this Court that the Plaintiff points to the authority in the PTO as both, the most credible and reliable source for this Court to believe.

**CONCLUSION : The Fed. R. Civ. Pro. Rule 60(b) Motion should be granted.**
Beyond all doubt, the parties should prepare for jury trial. See Fed. R. of Civ. Pro 38 and 39.

Respectfully submitted,

_____/s/_____

Allegra Hemphill
4902 3rd Street NW
Washington, DC 20011
(240) 361 - 8699

**Certificate of Service:**
**By US Mail (Postage Paid), to:**

*Kimberly Clark Corporation*
Kramon & Graham, PA
One South Street, Suite 2600
Baltimore, Maryland 21202
attn. James Ulwick,
   Aaron Raskas

*Procter & Gamble Corporation*
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001
attn.: Blaney Harper

I hereby certify that on February 12, 2008,
this document was caused to be served upon the parties named on this page
at the addresses listed and by the means stated.

___/s/_____
Allegra Hemphill

8