# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALLEGRA D. HEMPHILL, | * | |
| Plaintiff | * | |
| vs. | * | Civil Action No. 1:07cv1236 **RMC** |
| | * | |
| KIMBERLY- CLARK CORPORATION | * | |
| and | * | |
| | * | |
| PROCTER & GAMBLE COMPANY | * | |
| Defendant(s). | * | |

**********************************************************************

## HEMPHILL RESPONDS TO THE COURT'S ORDER

On January 3, 2008, this Court closed the above case when the Court granted a Rule 12(b)6 (res judicata) motion to dismiss the Complaint. See Document 15 and 16.

On January 17, 2008, Kimberly-Clark Corporation and Procter & Gamble Company, ("the Movants") reopened this civil action to file their Motion for Rule 11 Sanctions and Request for Attorney's Fees. Their Motion is explicitly directed at the Complaint which was filed on July 10, 2007. See Document 17 and 19.

On February 5, 2008, this Court has taken the allegations *the movants* made very seriously which is evident by this Court's Order. See Document 20.

The movants falsely accuse Ms. Hemphill of filing her Complaint in violation of Fed. R. Civ. Pro. Rule 11: "Signing of Pleadings" and they are seeking sanctions and attorneys fees, wrongfully. Therefore, **Ms. Hemphill is the opposing party** and she *is entitled* to bring her defense in a court of law. Ms. Hemphill is not conceding to false accusations made against her in the Motion, she is not in violation of Rule 11 regarding her Complaint and she does not waive any of her rights. [1]

---

[1] Courts enforce the United States Patent Laws. Courts uphold the Constitution of the United States which protects an American citizen's right to jury trial and right to be heard in a court of law.

**RECEIVED**

FEB 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**INTRODUCTION**

FACTUAL BASIS

The Court *has* *not* *ever* heard the Complaint. It was overlooked. To date, no court has heard the Complaint, not at anytime. Ms. Hemphill paid the filing fees for claim 2, **Species #4,** but this detail was overlooked. See Document 1, on page 5. In fact, this Court dismissed the Complaint that was directed to Species # 4 (in Appl. No. 619,684) but inadvertently adopted species #1 (in Appl. No. 434,828) *because of* the Defendants' Rule 12(b)6 Motion . The Complaint and Rule 12(b)6 Motion had the same meaning in claim 2, but they had **two different scopes**. The Complaint and Rule 12(b)6 Motion, **are two different issues** *because* they are grounded in **two  distinct species**. Therefore, the Court will find that the factual basis for bringing the Complaint was focused on the **Species #4** in claim 2, which is in compliance with the records kept by the PTO and consistent with the existing laws Title 35 U.S.C. §112,¶2 and Title 35 U.S.C. §112,¶ 6.

LEGAL BASIS

In her United States Letters Patent 4,557,720, *the invention*  is in claim 1 and claim 2 and the **allowable Species # 4, (in Appl. No. 619,684)** was *granted* by the United States Patent and Trademark Office. See Title 35 U.S.C. §112,¶2. [2]  In the Complaint, Ms. Hemphill detailed  the correct scope in  **species #4**  which is in compliance with  the controlling law Title 35 U.S.C.  §112,¶ 6.  See Document 1, page 5.  It is for this reason, Ms. Hemphill was not in violation of Rule 11  because the first step in a *true* infringement analysis is to determine both *the meaning* in claim 2 **and** *the scope* which is in **Species # 4**.[3]   The meaning in claim 2 was already established  but the scope in Species #4

_____

[2] In the United States Patents and Trademarks Office, Ms. Hemphill's invention *prevailed over* prior art patents for sanitary napkins.

[3] "The first step is determining *the meaning* **and scope** of the patent claim asserted to be infringed. [ The second step is **comparing** the properly construed claims to the device accused of infringing."

[as opposed to species # 1, species # 2 or species # 3] had not yet been determined. Determining the correct scope is the legal basis for bringing the Complaint. See Title 35 U.S.C. §112,¶ 6.

## LEGAL STANDARD

See Fed R. Civ. Pro Rule 11: Signing of Pleadings, reads in pertinent part:

*"The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief, formed after reasonable inquiry that it is well grounded in fact and is warranted by existing law or good faith argument... and it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in cost of litigation."*

*"If a pleading, motion or other paper is signed in violation of this Rule 11, the court, upon motion....shall impose upon the person who signed it, a represented party or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper including a reasonable attorney's fees."*

## ARGUMENT

Under Rule 11, it is apparent that the attorneys, the parties and the pro se litigant, are *all* held to the *same* standard. In this civil action, Judge Rosemary Collyer provides the forum for "fairness" and "equal" consideration . The allegations about forum shopping are misguided.

To disprove the harsh allegations in the Rule 11 Motion, Ms. Hemphill must have a fair opportunity to actually show her Complaint has a factual basis and a legal basis. In a court of law, this is easily established because the ***attorneys knew all along*** that we already had **the meaning** in claim 2. See Complaint at paragraph 12. The ***attorneys knew all along*** that the Complaint placed emphasis on a **judgement for the scope in species # 4.** See Document 1, page 5.

---

*Markman v. Westview Instruments, Inc.*, 52 F3d. 967 (Fed. Cir. 1995) 979 (en banc), aff'd.

The scope in Species # 4 ( Appl. No. 619,684)  is the "detail" that compels the Court to enforce the mandatory law Title 35 U.S.C. 112,§ 6.  In knowing this,  it was a "half truth" for the attorneys to recognize,  only *the meaning* in the claims,  but **deliberately try to hide** *the scope* and  **intentionally fail to mention** *the scope* :

> **"The first step** is determining the **meaning** and scope of the patent claim asserted to be infringed." *Markman v. Westview Instruments, Inc.*, 52 F3d. 967 (Fed. Cir. 1995) 979 (en banc), aff'd.

The attorneys had an affirmative duty to at least read the Complaint.  It was not a good faith argument to suggest "relitigation" when neither party  expressed any such intentions to "relitigate" *the meaning* for the claims.  Yet, the *movants* made these false and misleading statements against Ms. Hemphill in their Rule 12(b)6 (res judicata) Motion, to intentionally hide the true scope. It was dishonest.  Therefore, the  *movants* should not receive attorneys' fees nor should they reap any monies for telling "half-truths" to this Court and for filing their  motions with the deliberate intent to deceive the Court.  It would be "ill-gotten gains".  Clearly, this  Court  deserved the "wholeness" in the truth.

Through their attorneys, the Movants are misrepresenting the facts that  Ms. Hemphill is in violation of Rule 11 for filing her Complaint.  These are false charges that **should be** and **must be challenged** –in a court of law.  For Ms. Hemphill to respond to the Court's Order in a manner that is befitting,  **Ms. Hemphill must have an opportunity to cross-examine the witnesses** who made these allegations.  The attorneys made themselves "witnesses" when  *they signed* the Rule 11 Motion. They  signed that they have 'knowledge, information and belief' as if they  conducted a reasonable inquiry before making these false charges.  Therefore,  Ms. Hemphill should have the legal right to cross- examine the same witnesses that testified against her; and on behalf of the  Movants.

4

**Under penalty of perjury:**

A) The *signing attorneys* will confirm that we already have ***the meaning*** in the claims.

B) The attorneys will 'tell the truth' about which species is ***the correct scope*** in the '720 patent

(Species # 1, Species # 2, Species # 3, or Species 4) See Document 1, page 5.

C) Once this is achieved, [the vaginal swab] is verified

by pointing *to* 'a fairly rigid core member'

and pointing out 'an outer housing' **in the correct species #4.** [4]

 See the **Reexamination Certificate** in the PTO which proves a flexible sheet for a core member and

housing means in the '720 Patent at Document 1, Ex. B.  **Neither the corporations nor their attorneys**

**have the power or control to *gainsay* the authority and record in the United States Patent and**

**Trademarks Office.**  In this civil action, Ms. Hemphill must face her accusers.  In this way, justice

***prevails over*** Kimberly-Clark Corporation and the Procter & Gamble Company.


**CONCLUSION:**    Judge Rosemary Collyer renders a decision that is fair and just, only upon

**hearing all** the evidence. Now that Ms. Hemphill is under this Court's Order, she requests and requires

the *signing* attorneys appear inside Judge Collyer's courtroom, **face to face**, on the witness stand, under

oath.

---

[4]  Undeniably, the record in the PTO proves **the allowable Species # 4** (Appl. No. 619,684) in the "720 Patent. See the '720 Patent on page 1, Document 1, Exhibit A.   Structure that is actually *inside* the '720 Patent is found in **Species #4** when the patent issued in **1985**, however, the *additional structure* the Maryland district court found through *outside* sources via *1994* dictionary, simply widens the scope.

Respectfully submitted,

_Allegra Hemphill_
/s/

Allegra Hemphill
4902 3rd Street NW
Washington, DC 20011
(240) 361 - 8699

**Certificate of Service:**
**By US Mail (Postage Paid), to:**

*Kimberly Clark Corporation*
Kramon & Graham, PA
One South Street, Suite 2600
Baltimore, Maryland 21202
attn. James Ulwick,
      Aaron Raskas

*Procter & Gamble Corporation*
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001
attn.: Blaney Harper

I hereby certify that on February 25, 2008,
this document was caused to be served upon the parties named on this page
at the addresses listed and by the means stated.

_Allegra Hemphill_
/s/

Allegra Hemphill

6