UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLEGRA D. HEMPHILL, _pro se_, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:07CV1236 |
| ) | |
| v. ) | Judge Rosemary M. Collyer |
| ) | |
| KIMBERLY-CLARK CORPORATION, and ) | |
| THE PROCTER & GAMBLE CO., ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR RULE 11 SANCTIONS AND REQUEST FOR ATTORNEYS' FEES TO PREVAILING PARTY**

Defendants Kimberly-Clark Corporation ("K-C") and The Procter & Gamble Co. ("P&G") (collectively, "Defendants") hereby reply to Plaintiff's opposition to Defendants' Motion for Rule 11 Sanctions and Request for Attorneys' Fees to Prevailing Party, styled "Hemphill Responds to the Court's Order" (the "Opposition").

Rather than attempt to provide any significant basis for opposing Defendants' motion, Plaintiff simply treats her opposition as a further opportunity to waste this Court's time and resources with claims fully and finally litigated in the United States District Court for the District of Maryland, and dismissed by this Court on January 3, 2008. In this way, the Opposition itself provides further support for granting Defendants' motion. Hemphill simply will not stop asserting her baseless claims until she is subjected to Rule 11 sanctions and ordered to pay Defendants' attorneys' fees under 35 U.S.C. § 285 ("Section 285") and/or enjoined from making further filings.

The objective test for sanctions requires this Court to examine "whether a reasonable inquiry would have revealed there was no basis in law or fact for the asserted claim." _Washington Bancorporation v. Said_, 812 F. Supp. 1256, 1275 (D.D.C. 1993). In a case such as

this, where a plaintiff has engaged in forum shopping and attempted to relitigate issues already decided, Rule 11 sanctions are appropriate. *See, e.g., McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1418 (D.D.C. 1985); *Reynolds v. U.S. Capitol Police Board*, 357 F. Supp. 2d 19, 23-24 (D.D.C. 2004).

The Opposition fails to refute any of the facts material to Defendants' motion. For example, Plaintiff does not, and cannot, dispute the fact that her complaint in the United States District Court for the District of Maryland was dismissed with prejudice. She cannot dispute that the numerous motions she filed in that court and the many appeals she filed in the United States Court of Appeals for the Fourth and Federal Circuits, and the United States Supreme Court also failed. Nor can she refute the fact that her Complaint in this matter names the same parties and asserts causes of action for infringement of the same patent by the same products. As this Court held in its January 3, 2008 Order, Plaintiff's claims either were brought or should have been brought in the action filed in Maryland, and her lawsuit here was without merit. *See* Order at 5. Finally, Plaintiff fails even to mention the fact that K-C provided her the opportunity to withdraw her baseless complaint in this Court before Defendants were required to respond. Her refusal to do so caused the Defendants to incur substantial costs in defending her frivolous Complaint in this matter.

Rather than address the issues raised in the motion, the only grounds urged by Hemphill in opposition to Defendants' motion are arguments in support of the merits of her case, which this Court dismissed on January 3, 2008. She appears to claim, without support, that the only way to oppose this motion is for this Court to conduct a full trial on the merits. *See* Opp. at 3. Not only is this irrelevant to the motion for sanctions, but it demonstrates Plaintiff's refusal to accept the fact that her claims were fully and finally litigated in Maryland and dismissed as *res*

*judicata* in this Court. As this Court pointed out in its January 3, 2008 Order, Plaintiff has had that opportunity already and is not entitled to continue litigating her baseless claims. Plaintiff's failure to respond to Defendants' motion in any meaningful way further underscores the basis for imposing sanctions on her.

As is discussed in greater detail in Defendants' Motion, Plaintiff's continued insistence on arguing the substantive merits of issues long since decided highlights her consistent refusal to acknowledge that any reasonable inquiry undertaken before filing her complaint would have revealed to her that her claims had no merit in law or fact. Her opposition to this motion, as well as her recent filing of a baseless motion under Federal Rule of Civil Procedure 60(b), strongly implies that she will continue to litigate this matter, either before this Court or in another court elsewhere. The only way to demonstrate to Ms. Hemphill the finality of this Court's order and the seriousness of her continued waste of this Court's time and resources, as well as Defendants', is to impose sanctions. Under these circumstances, where a party seeks to evade the rulings of one court by commencing litigation in another court, that party must be sanctioned. *Brinco Mining Ltd. v. Federal Ins. Co.*, 552 F. Supp. 1233, 1242 (D.D.C. 1982); *see also Reynolds*, 357 F. Supp. 2d at 24 (stating that, once a violation is found, sanctions must be imposed). Alternatively, this Court should exercise its discretion to fashion a litigation bar so as to require Plaintiff to seek leave of court before commencing any further lawsuits, and/or before filing any additional motions or other papers against Defendants.

In addition, Plaintiff should be required to pay Defendants' fees under Section 285 because, even after her claims were dismissed in this matter, she asserts infringement in this Court even though she knows or should know that her claims have no merit. *See Eltech Sys. Corp. v. PPG Indus.*, 903 F.2d 805, 811 (Fed. Cir. 1990) (awarding fees to defendant where

plaintiff maintained suit in bad faith by failing to investigate her claims or consider claims made by defendant).

For all of these reasons and those set forth in Defendants' opening brief, the only way to avoid further harassing, vexatious, and duplicative filings and litigation is by imposing sanctions on Plaintiff. Defendants respectfully submit that Plaintiff should be ordered, either under Federal Rule of Civil Procedure 11 or under Section 285, to pay Defendants' attorneys' fees and that a litigation bar should be imposed.

Dated: March 3, 2008

| /s/ | /s/ |
|---|---|
| James P. Ulwick (Bar No. 287763) | Blaney Harper (Bar No. 14783) |
| KRAMON & GRAHAM, P.A. | JONES DAY |
| One South Street - Suite 2600 | 51 Louisiana Avenue, N.W. |
| Baltimore, Maryland 21202-3201 | Washington, D.C. 20001 |
| Phone: (410) 752-6030 | Phone: (202) 879-3939 |
| Facsimile: (410) 539-1269 | Facsimile: (202) 626-1700 |
| | |
| | Kenneth R. Adamo |
| | David M. Maiorana |
| | JONES DAY |
| | North Point, 901 Lakeside Ave. |
| | Cleveland, Ohio 44114 |
| | Phone: (216) 586-3939 |
| | Facsimile: (216) 579-0212 |
| *Attorney for Defendant* | *Attorneys for Defendant* |
| *Kimberly-Clark Corporation* | *The Procter & Gamble Company* |

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2008, a copy of the Reply to Plaintiff's Opposition to Defendants' Motion for Rule 11 Sanctions and Request for Attorneys' Fees to Prevailing Party was served by first-class U.S. Mail, postage prepaid, on:

> Allegra D. Hemphill
> 4902 3rd Street, N.W.
> Washington, D.C.  20011
>
> *Pro Se Plaintiff*

                /s/
James P. Ulwick (Bar No. 287763)
Kramon & Graham, P.A.
One South Street
Suite 2600
Baltimore, Maryland 21202
Telephone:  (410) 752-6030
Facsimile:  (410) 539-1269

*Attorneys for Defendant*
*Kimberly-Clark Corporation*