UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLEGRA D. HEMPHILL,   * | |
| Plaintiff   * | |
| vs.   * | Civil Action No. 1:07cv1236 **RMC** |
| * | |
| KIMBERLY- CLARK CORPORATION   * | |
| and   * | |
| * | |
| PROCTER & GAMBLE COMPANY   * | |
| Defendant(s).   * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S NOTICE OF DEMAND FOR JURY TRIAL OF RIGHT**

**FEDERAL RULES OF CIVIL PROCEDURE RULE 38**

NOTICE OF DEMAND FOR JURY TRIAL OF RIGHT, has been officially served upon the parties, in writing, pursuant to Rule 38 (a), (b) and (c). The above named defendants, Kimberly Clark Corporation and Procter & Gamble Company filed the Fed. R. Civ. Pro, Rule 11 Motion which reopened this civil action. The Rule 11 motion was specifically directed at the Complaint in Document 1.
The Complaint about patent infringement is specifically directed to species #4, in claim 2, in the United States Letters Patent 4,557,720. The accused products, Always®, Poise® and Kotex®, infringe **claim 2, species #4, in the '720 patent.** See Fed. R. Civ. Pro Rule 38.

Up to this point, the court was inadvertently dismissive about the Complaint.
Judge Rosemary Collyer appeared to be preoccupied with Fed. R. Civ. Pro, Rule 12(b)6 and Rule 11 motions which were filed by Kimberly-Clark Corporation and Procter & Gamble Company to confuse the court and draw attention away from the *real issue in species # 4*, in claim 2.
The Rule 12(b)6 Motion (falsely claimed the Complaint was trying to relitigate *the meaning*) which **contradicts** the Rule 11 motion (claiming the Complaint stated *the meaning* was already adjudicated).
Here, the corporate defendants cannot have it both ways. The Rule 11 Motion is proof that the defendants knew all along that Ms. Hemphill was NOT trying to relitigate *the meaning* in the claims. Therefore,

RECEIVED
MAR 0 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

at trial, the attention of the court will be on *the true scope which is species #4* <u>with</u> *the same meaning* previously adjudicated for claim 2 in the '720 patent. This new evidence is the only relevant issue for jury trial for the following reasons:

1. To determine the infringement, courts engage the two step infringement analysis <u>*by Markman*</u>:

    "**The first step** is determining *the meaning* <u>**and**</u> <u>**the scope**</u> of the patent claim asserted to be infringed. **The second step** is comparing the properly construed claims to the device accused of infringing." *Markman v. Westview Instruments, Inc.*, 52 F3d. 967 (Fed. Cir. 1995) 979 (en banc), aff'd.

2. As a matter of law, the corporate defendants already conceded to the previous court's *meaning* for the claims, and there was never any reason to relitigate that issue.[1] The Complaint expressly stated *the meaning* <u>and</u> correctly indicated *the scope is **species #4*** on page 5 in Document 1.

    WHEREFORE, Ms. Hemphill requests judgement against defendants Kimberly-Clark and Procter & Gamble as follows:
    (a) A holding that each defendant has infringed upon the Hemphill Patent and that the Hemphill Patent shall be enforced respecting each of the defendants:
    (b) A holding that the defendants' vaginal swabs contain a core member that is fairly rigid having an annular base that can fit into an annular band of outer housing, as detailed in the Hemphill Patent, **Species #4;**
    (c) A holding that the defendants vaginal swabs contain an outer housing which serves as a handle structure for the use of the swab and is not designed to be thrown away, as detailed in the Hemphill Patent, **Species #4;**

3. **Determining the scope (species #4) is the same as applying the law Title 35 U.S.C.§ 112, ¶ 6.** The scope is the second part of the above first step *(Markman).*

4. At first glance, it may appear that the corporations have outsmarted the court with species #1 rather than species # 4, but on the contrary, the earlier court rulings *included* species #1 which simply widens the scope. When the patent issued in 1985, there was no such structure as a stick or wire in species #4 or in species #1. Now, with respect to the *range of equivalents* <u>and</u> in an effort to introduce

---

[1] Ms. Hemphill filed her Fed. R. Civ. Pro, Rule 60(b) Motion for Reconsideration in Document 18.

2

the swab into a vaginal 'canal', the previous courts allowed and provided for *additional structure* from a 1994 dictionary (found *outside* the '720 patent) thereby, widening the scope.[2]   Despite everything and anything in the Rule 12(b)6 and Rule 11 motions, **the undeniable truth** is that the United States Patents and Trademark Office ( the PTO) **granted the allowable species # 4** in the '720 patent. Whether the asserted claim, is 1 or 2, the court **must apply species #4**. It is the law. This is the mandate for this Court to apply the correct scope which is species # 4. Title 35 U.S.C.§ 112, ¶ 6.  Moreover, proof that S*pecies #4* determines structure *found inside* the '720 Patent was confirmed by a thorough reexamination by the PTO. [3]

The attorneys for the corporations have known all along that these products accused of infringing are not sanitary napkins in the prior art because **they behave (the way they absorb) and**

---

[2]"[t]he Supreme Court does not limit the doctrine of equivalents "to equivalents that are disclosed within the patent itself, reasoning that the "proper time for evaluating equivalency....is at the time of infringement, not at the time the patent was issued." *Warner-Jenkinson* 117 S.Ct. 1040 *Festo Corp. v. Shoeketsu Kinzoku Kogyo Kabushiki* 234 F3d. 558 (Fed. Cir. 2000) 566.

[3] The '720 patent describes **'fairly rigid core member '** in **Species # 4, in claim 2** as core 102 (flexible material) at Col. 5, ll. 36-37
    Reexamination confirms a core member as flexible sheet via prior art '567:  ("...may comprise a fluid impermeable sheet material such as polyethylene or polypropylene cellophane or other similar films"). Col. 4, ll.5-12. App. 331.
and absorbent material 104 at Col. 5, ll. 29-31
    "adsorbent pad or at least one layer or porous material is secured" at Col. 2, ll. 7-8.
    To *clarify the way of absorbing*, the PTO cited the prior art  Alvarez US patent 4,177,81, having only one fiber, but  the characteristic of an adsorbent member (found in claim 1 of the '720 Patent) is when two fibers working together, helps improve absorbing.  See "[i]t is important to employ a highly absorbent material and accordingly, any such materials could be used as the absorbent material" at  Col. 3, ll 65-68 in the Hemphill '720 patent.
is secured to core 102 but does not cover up annular band 106 Col. 5, ll. 36-38
which **is extremely compact** Col. 3, ll. 16-18.
**solid** or hollow at Col. 5, ll. 34-35,
segmented or **one piece** unit at Col. 2, ll. 6-7
**with an annular band 106 at the base of core 102 at Col. 5, ll.32-33, is actually housing means in claim 2, fitting within an annular band Col. 5, ll. 44-45.**
"both portable and disposable and easily carriable and usable" at Col. 3, ll. 16-18.
Reexamination confirmed claim 1 and claim 2 . *App*. 360A.
See the '720 Patent in the Complaint at Ex. A, or,  see  *App*. 107A - 114A.

they function (the way they protect) like a vaginal swab. At trial, this Court will see and know the accused products are infringing claim 2, **species #4**. [4]

**Conclusion:** The Fed. R. Civ. Pro. Rule 38 has been served. The Seventh Amendment, constitutional right to jury trial **shall be preserved.**

Respectfully submitted,
*Allegra Hemphill*
/s/

Allegra Hemphill
4902 3rd Street NW
Washington, DC 20011
(240) 361 - 8699

**Certificate of Service:**
**By US Mail (Postage Paid), to:**

*Kimberly Clark Corporation*
Kramon & Graham, PA
One South Street, Suite 2600
Baltimore, Maryland 21202
attn. James Ulwick,
    Aaron Raskas

*Procter & Gamble Corporation*
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001
attn.: Blaney Harper

I hereby certify that on March 6, 2008,
this Document and ORDER was caused to be served upon the parties named on this page
at the addresses listed and by the means stated.

*Allegra Hemphill*
/s/
Allegra Hemphill

---

[4] The attorney from P &G, will be called to serve as the first witness.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLEGRA D. HEMPHILL,        * | |
| Plaintiff    * | |
| vs.                          * | Civil Action No. 1:07cv1236 **RMC** |
| KIMBERLY- CLARK CORPORATION  * | |
| and                          * | |
| PROCTER & GAMBLE COMPANY     * | |
| Defendant(s).  * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PROPOSED ORDER

In the above captioned case, Kimberly-Clark Corporation and Procter & Gamble Company, reopened this civil action with the Fed. Rule of Civ. Pro, Rule 11 motion. The Court ordered the Plaintiff Ms. Hemphill to respond. Ms. Hemphill filed her official notice for right to jury trial in this civil action Fed. R. Civ. Pro Rule 38. It is hereby;

ORDERED, the right to jury trial pursuant to Fed R. of Civ Pro Rule 38 **shall be preserved**; and it is,

ORDERED, the triable issues shall include new evidence in species # 4 in claim 2 of the United States Letters Patent 4,557,720, and it is further,

ORDERED, the attorneys for Kimberly-Clark Corporation and Kimberly-Clark Corporation will be available to serve as witnesses on the _____day of _____, 2008.

Date:

United States District Court Judge