UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALLEGRA D. HEMPHILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 07-1236 (RMC) |
| KIMBERLY-CLARK CORPORATION and PROCTER & GAMBLE COMPANY, | ) ) ) |
| Defendants. | ) ) ) |

### ORDER

Plaintiff Allegra D. Hemphill asks this Court, pursuant to Fed. R. Civ. P. 60(b), to reconsider its decision dismissing the Complaint. *See* Dkt. # 18 ("Pl.'s Mem."). In her motion, Ms. Hemphill argues that this Court's January 3, 2008 Order, *see* Dkt. # 16, which dismissed her case with prejudice, was the product of mistake, inadvertence, or excusable neglect, fraud, misrepresentation, or other misconduct. In addition, Ms. Hemphill claims that the Order is void under Rule 60(b)(4) and she seeks relief from this Court's Order under Rule 60(b)(6).[1]  Kimberly-Clark Corporation and Procter & Gamble Company (collectively, "Defendants") oppose the motion. *See* Dkt. # 21. Because Ms. Hemphill's motion merely re-argues points previously made and decided adversely, she fails to meet the requirements of the Rule and her motion will be denied.

Federal Rule of Civil Procedure 60(b) provides for motions for relief from judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied, released,

---

[1] Ms. Hemphill has also filed a Demand for Jury Trial on these issues pursuant to Federal Rule of Civil Procedure 38. *See* Dkt. # 25.

or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment."[2] Fed. R. Civ. P. 60(b).

Ms. Hemphill provides two major bases for reconsideration. First, Ms. Hemphill alleges that the Court made various errors in its legal reasoning in its Memorandum Opinion. For example, the motion states, "[T]his Court overlooked the cause of action even though the Complaint asserted the *meaning* in the independent claim 2 and correctly directed this Court's attention to Species # 4." Pl.'s Mem. at 10. Ms. Hemphill also disagrees that her Complaint is barred on the basis of *res judicata*. *Id*. at 15. The D.C. Circuit allows Rule 60(b) motions to challenge alleged legal error only in the most extreme situations: namely when the district court based its decision on case law that it failed to realize had recently been overturned. *See Ward v. Kennedy*, 200 F.R.D. 137, 139 (D.D.C. 2001) (citing *Dist. of Columbia Fed'n of Civic Ass'ns v. Volpe*, 520 F.2d 451, 451-53 (D.C. Cir. 1975)). That extreme situation is not present here.

Second, Ms. Hemphill accuses Defendant of "cheating," "not being truthful," and engaging in "deceitful measures" in this litigation. In order to prevail under Rule 60(b)(3), the moving party must establish fraud or misconduct, and resulting actual prejudice, by clear and convincing evidence. *Johnson v. Holway*, 2006 U.S. Dist. LEXIS 80594, at *3 (D.D.C. Nov. 6, 2006). Moreover, the movant must show that "such 'fraud' prevented [her] from fully and fairly presenting [her] case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993). The Court rejects Ms. Hemphill's baseless accusations against Defendants as well as any claims of prejudice from not receiving a jury trial or

---

[2] The catch-all provision in Rule 60(b)(6) is used sparingly by courts and only in extraordinary circumstances. *See Bennett v. United States*, No. 05-2297, 2008 U.S. Dist. LEXIS 2956, at *4 (D.D.C. Jan. 16, 2008) (citing *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949); *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007)).

hearing, *see* Pl.'s Mem. at 24 n.25. Ms. Hemphill has had ample opportunity in this Court and in others to present her case and has received a full and fair determination of her claims.

Ms. Hemphill's motion for reconsideration will be denied. The information now proffered by her fails to meet the requirements of Rule 60(b) because it does not establish misrepresentation, mistake, or that the original judgment was manifestly unjust. *See Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980). If this Court erred, Ms. Hemphill's remedy lies in the Court of Appeals. It is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Dkt. # 18] is **DENIED**; and it is

**FURTHER ORDERED** that Ms. Hemphill's Demand for A Jury Trial [Dkt. # 25] is **DENIED**.

The Court will resolve Defendants' Motion for Sanctions [Dkt. # 17] separately.

**SO ORDERED**.


Date: March 10, 2008                                /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge